(No. 32920.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PELEN E. R. ERWIN, *alias* RAYMOND ERWIN, Plaintiff in Error.

*Opinion filed November 18, 1953—Rehearing denied Jan. 18, 1954.*

WALTER C. WELLMAN, of Centralia, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOSEPH B. SCHLARMAN, State's Attorney, of Carlyle, (FRED G. LEACH, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Rudolph Ramirez, Charlene T. Ramirez, and the plaintiff in error, Erwin, were jointly indicted in the circuit court of Clinton County. On his plea of guilty the court found Erwin guilty of armed robbery in the manner and form as charged in the indictment, and subsequently sentenced him to the penitentiary for a term of one to three years. Erwin now presents the record for review by writ of error, claiming that the indictment fails to charge him with any crime.

The indictment (omitting the formal and irrelevant portions) reads as follows: "That Rudolph Ramirez, Charlene T. Ramirez, and Pelen E. R. Erwin, alias Raymond Erwin late of the County of Clinton and State of Illinois, on the second day of July, in the year of our Lord One Thousand Nine Hundred and Fifty-two at and in the County aforesaid, the said Rudolph Ramirez being then and there armed with a certain dangerous weapon, to-wit: a certain pistol, feloniously and violently did make an assault upon Orville Hemann, and did then and there put the said Orville Hemann in bodily fear and danger of his life, and against his will, then and there feloniously and violently by force and intimidation did steal, take and carry away from the person of said Orville Hemann, the property of the said Orville Hemann, to-wit, a metal box of the value of One Dollar

and currency of the United States of America in various denominations, in the amount and value of Four hundred and fifty-six dollars contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the same People of the State of Illinois."

Plaintff in error insists that only Rudolph Ramirez is charged with any crime; that not merely the words alleging that Ramirez was armed, but the subsequent language as well, refer only to Rudolph Ramirez; and that the indictment says nothing about what was done by the other two defendants. He argues that "If it had read, the said Rudolph Ramirez being then and there armed with a certain dangerous weapon, to-wit, a certain pistol, *the said defendants* feloniously and violently did make an assault upon Orville Hemann, it would have charged all three of said defendants as principals with the commission of said crime. This it does not do." We cannot accept the argument. The indictment plainly charges all three with the commission of the offense. The clause reciting that Rudolph Ramirez was armed with a dangerous weapon is properly set off with commas, and under well-recognized rules of punctuation the following allegations relate to the three names preceding the clause in question. We cannot see how a defendant could be misled by the language of this indictment or fail to understand the charge against him.

*People* v. *Hallberg,* 259 Ill. 502, relied upon by plaintiff in error, is not applicable to the facts presented here. In the *Hallberg case* the question was whether the fact of residence by both defendants outside the State of Illinois (so as to toll the period of the Statute of Limitations) was sufficiently alleged in the indictment. It averred that "the said Wallace Hallberg and the said Howard Bengtson since said tenth day of December, in the year of our Lord one thousand nine hundred and eight, not being a resident within the State of Illinois, * * *." We held that the phrase "a resident," being in the singular, was not sufficient

to refer to both of the parties charged, that it failed to bring the case within the exception stated in the Statute of Limitations, and that the indictment therefore showed on its face that it was barred thereby. In the case at bar, on the other hand, there is no such error in grammar rendering the meaning of the indictment uncertain. Plaintiff in error was clearly informed of the charge against him, and has shown no grounds for reversal.

The judgment of the circuit court of Clinton County will be affirmed.

*Judgment affirmed.*