(No. 40934.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
ROBERT MAX CAMPBELL, Appellant.

*Opinion filed September 24, 1968.*

CHARLES M. FERGUSON, of Rock Island, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and RICHARD STENGEL, State's Attorney, of Rock Island, (JOHN DONALD O'SHEA, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, Robert Max Campbell, entered a plea of guilty in the circuit court of Rock Island County to an indictment charging him with the crime of burglary and was sentenced to the penitentiary for a term of not less

than 3 nor more than 10 years. His post-conviction petition under article 122 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1967, chap. 38, par. 122—1 *et seq.*) was denied on the State's motion without an evidentiary hearing, and the defendant has appealed from the order denying the petition.

The post-conviction petition alleged that the indictment under which petitioner was convicted was void and also charged that petitioner's appointed counsel was incompetent in failing to raise the question of the validity of the indictment. On appeal no question is raised as to the competency of counsel and the only question is whether the indictment was sufficient to comply with the constitutional requirements that the defendant be advised of the nature and cause of the accusation and that the indictment be sufficient to protect the defendant against possible double jeopardy.

The indictment, omitting formal parts, was in the following language: "ROBERT MAX CAMPBELL and ROBERT L. FROST late of said County, on the Third day of December in the year of our Lord One Thousand Nine Hundred and Sixty-three at and within the said County of Rock Island in the State of Illinois, aforesaid: committed the offense of BURGLARY, in that he, without authority, knowingly entered into a building of CLARA STERNS, with intent to commit therein a theft."

Defendant contends that the indictment was invalid because it did not give the specific street address of the building alleged to have been burglarized. Defendant relies upon *People* v. *Williams,* 30 Ill.2d 125. In *People* v. *Blanchett,* 33 Ill.2d 527 and *People* v. *Reed,* 33 Ill.2d 535, we overruled the *Williams* case and held that an indictment alleging that the offense was committed on a certain date within a certain county was sufficient.

It is also contended that the indictment was void for uncertainty in that it failed to charge that the defendant committed the offense. This argument is based upon the

fact that the indictment names the defendant and Robert L. Frost jointly, but that in describing the offense states that "he" instead of "they", committed the offense. The defendant relies strongly upon *People* v. *Hallberg,* 259 Ill. 502. In that case two persons were charged with a crime allegedly committed on a date 4 years prior to the return of the indictment, which was beyond the Statute of Limitations. In order to escape the operation of the statute the indictment alleged that ever since the commission of the offense the two defendants were not "a resident" of the State. The court held that this allegation was insufficient to allege that both defendants had been nonresidents of the State during the limitation period and reversed the judgment of the circuit court which had overruled a motion to quash the indictment. While certain language in the *Hallberg* case supports the claim advanced on this appeal, the case does not stand for the proposition that an indictment against two persons charging the facts in the singular number is insufficient to charge an offense. In *People* v. *Erwin,* 1 Ill.2d 594, the court distinguished the *Hallberg* case, pointing out that the only question in that case was whether the indictment was sufficient to prevent the application of the Statute of Limitations and that no question of whether the indictment charged an offense was presented.

Furthermore, the *Hallberg* case involved the ruling on a motion to quash on which formal defects can be considered and is not authority in a case where no such motion was made and a plea of guilty entered. The indictment in the present case was grammatically incorrect, but this was a formal defect which could have been corrected at any time on motion by the State's Attorney. (Ill. Rev. Stat. 1967, chap. 38, par. 111—5.) The fact that the defendant understood the nature of the charge against him is demonstrated by the proceedings at the time of his plea of guilty, which have been incorporated in the common-law record. At that time the attorney representing the defendant and Frost

stated to the court that it was their desire to enter a plea of guilty to the indictment which charged "them" with the crime of burglary. The court then advised the defendants that they were charged with the crime of burglary and that the indictment alleged that they entered the building with intent to commit a theft. After his statement by counsel and the explanation by the court the defendant entered a plea of guilty. There can be no question but that the defendant understood that he and Frost were each charged with the crime of burglary and that the defendant knowingly entered a plea of guilty to that indictment. That plea waived all formal defects. (*People* v. *Reed,* 33 Ill.2d 535, 540.) The indictment was sufficient to comply with the requirements of the constitution and the trial court properly dismissed the post-conviction petition. The judgment of the circuit court of Rock Island County is affirmed.

*Judgment affirmed.*