(No. 75408.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MICHAEL KIMBROUGH, Appellee.

*Opinion filed November 23, 1994.*

232

MILLER, J., joined by McMORROW, J., concurring.

Roland Burris, Attorney General, of Springfield, and Jack O'Malley, State's Attorney, of Chicago (Terence M. Madsen, Assistant Attorney General, of Chicago, and Renee G. Goldfarb, Theodore Fotios Burtzos and Jon J. Walters, Assistant State's Attorneys, of counsel), for the People.

Michael J. Pelletier, Deputy Defender, and Debra R. Salinger, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, of counsel, for appellee.

CHIEF JUSTICE BILANDIC delivered the opinion of the court:

The defendant, Michael Kimbrough, was charged in a three-count indictment with certain violations of the Illinois Controlled Substances Act (720 ILCS 570/100 *et seq.* (West 1992)) pertaining to LSD (LSD provisions). Defendant filed a motion to dismiss the indictment alleging that the LSD provisions of the Act are unconstitutional. Defendant alleged that the LSD provisions violate the equal protection and due process clauses of both the United States Constitution and the Illinois Constitution of 1970. The trial court granted the defendant's

motion to dismiss all counts of the indictment, finding that the LSD provisions of the Controlled Substances Act are unconstitutional in that they violate equal protection and due process. Because the trial court found portions of the Controlled Substances Act to be unconstitutional, the State appeals directly to this court pursuant to Supreme Court Rule 302 (134 Ill. 2d R. 302). The issue before this court is whether the LSD provisions of the Controlled Substances Act are constitutional.

The record on appeal reveals that, on March 12, 1992, defendant allegedly delivered approximately 94 to 96 separate segregated segments containing LSD (microdots) to a police officer. The combined weight of the 94 or 96 microdots was approximately 0.4 grams. Thereafter, defendant was arrested by Brookfield police.

Following defendant's arrest, a grand jury returned a three-count indictment charging defendant with certain violations of the Controlled Substances Act (Act) (720 ILCS 570/100 *et seq.* (West 1992)). Count I of the indictment charged defendant with the unlawful delivery of 100 segregated parts of a substance containing LSD in violation of section 401(a)(7)(A)(ii) of the Act. Violation of section 401(a)(7)(A)(ii) is a Class X felony. 720 ILCS 570/401(a) (West 1992).

Count II of the indictment charged defendant with the unlawful possession of 100 segregated parts of a substance containing LSD. Count II, however, erroneously cited section 401(a)(7)(A)(ii) of the Act, which proscribes unlawful delivery of LSD, instead of section 402(a)(7)(A)(ii) of the Act, which proscribes unlawful possession. (Compare 720 ILCS 570/402(a)(7)(A)(ii) (West 1992), with 720 ILCS 570/401(a)(7)(A)(ii) (West 1992).) Violation of section 402(a)(7)(A)(ii) is a Class 1 felony. 720 ILCS 570/402(a) (West 1992).

Count III of the indictment charged defendant with

the unlawful possession of 0.4 grams of LSD in violation of section 402(c) of the Act. Violation of section 402(c) of the Act is a Class 4 felony. 720 ILCS 570/402(c) (West 1992).[1]

The statutory provisions at issue in this appeal are found in sections 401 and 402 of the Act. (See 720 ILCS 570/401, 402 (West 1992).) Section 401 proscribes the unlawful delivery of LSD. Section 402 of the Act proscribes the unlawful possession of LSD. These two sections of the Act are similar in that they both classify the offense of either delivery or possession of LSD according to the *form* of the LSD that the defendant delivered or possessed. Stated simply, a defendant who delivered or possessed LSD in an "object" or "carrier" form is guilty of a greater offense and is punished more severely than a defendant who delivered or possessed the same amount of LSD in a pure, liquid, "gram" form.

As stated, defendant challenges the constitutional validity of these sections of the Act, arguing that the legislative classification, which is based upon the form of LSD that a defendant delivers or possesses, is arbitrary and unreasonable. Therefore, defendant argues, these provisions violate the equal protection and due process clauses of both the Federal and State Constitutions.

Before addressing the defendant's constitutional challenges, we briefly describe the relevant statutory

---

[1]We note that all three counts of the indictment erroneously track the language of the 1989 statute as amended by Public Act 86—604. This is not problematic because this appeal involves the constitutionality of classifications within the LSD provisions of the Controlled Substances Act. The classifications encompassed in the 1989 and the 1992 versions of the Act are substantially the same. For ease of discussion, we cite to and discuss the 1992 statute in this appeal. Because this action is in the pretrial stage, the State, on remand, is entitled to and should amend the indictment to conform to the language of the 1992 statute.

provisions. Under section 401(a)(7)(A) of the Act, a defendant is guilty of a Class X felony if he delivers:

> "(i) 15 *grams* or more but less than 100 grams of any substance containing *** (LSD) ***, or (ii) 15 or more *objects* or 15 or more segregated parts of an object or objects but less than 200 objects or 200 segregated parts of an object or objects containing in them or having upon them any amount of any substance containing *** (LSD) ***." (Emphasis added.) (720 ILCS 570/401(a)(7)(A) (West 1992).)

Under section 401(c)(7) of the Act, a defendant is guilty of a Class 1 felony if he delivers:

> "(i) 5 *grams* or more but less than 15 grams of any substance containing *** (LSD) ***, or (ii) more than 10 *objects* or more than 10 segregated parts of an object or objects but less than 15 objects or less than 15 segregated parts of an object containing in them or having upon them any amount of any substance containing *** (LSD) ***." (Emphasis added.) (720 ILCS 570/401(c)(7) (West 1992).)

Under section 401(d) of the Act, a defendant who delivers "any other amount of *** [LSD] is guilty of a Class 2 felony." 720 ILCS 570/401(d)(ii) (West 1992).

Section 402, which proscribes the unlawful possession of LSD, is similar to section 401. Under section 402(a)(7)(A) of the Act, a defendant is guilty of a Class 1 felony if he possesses:

> "(i) 15 *grams* or more but less than 100 grams of any substance containing *** (LSD) ***, or (ii) 15 or more *objects* or 15 or more segregated parts of an object or objects but less than 200 objects or 200 segregated parts of an object or objects containing in them or having upon them any amount of any substance containing *** (LSD) ***." (Emphasis added.) (720 ILCS 570/402(a)(7)(A)(i), (a)(7)(A)(ii) (West 1992).)

Under section 402(c), a defendant who possesses any other amount of LSD is guilty of a Class 4 felony. 720 ILCS 570/402(c) (West 1992).

We now address defendant's claim that this statutory scheme violates the equal protection and due process clauses of both the Federal and State Constitutions.

## I. CONSTITUTIONALITY

It is well established that all statutes are presumed to be constitutionally valid. (*People v. Shephard* (1992), 152 Ill. 2d 489, 499.) The party challenging the statute's validity has the burden of clearly establishing the statute's alleged constitutional infirmities. (*Shephard*, 152 Ill. 2d at 499.) In construing a statute, this court has a duty to affirm the statute's validity and constitutionality if reasonably possible. (*Shephard*, 152 Ill. 2d at 499.) If the statute's construction is doubtful, we must resolve all doubts in favor of the statute's validity. (*Shephard*, 152 Ill. 2d at 499.) With these fundamental principles in mind, we turn to an analysis of the constitutionality of the statutory provisions *sub judice.*

### A. Equal Protection

The constitutional right to equal protection of the law guarantees that the State must treat similarly situated persons in a similar manner. (*Shephard*, 152 Ill. 2d at 499.) The State retains the power to classify and draw lines that treat different classes of persons differently. (*Shephard*, 152 Ill. 2d at 499.) The State may not, however, exercise its power to classify arbitrarily. (*People v. Reed* (1992), 148 Ill. 2d 1, 7.) The equal protection guarantee prohibits the State from statutorily dividing persons into different classes and providing for different treatment of each class for reasons wholly unrelated to the purpose of the legislation. *Reed*, 148 Ill. 2d at 7.

Where a statutory classification neither impinges on a fundamental constitutional right nor is based on a "suspect" class, such as race, a court will use the "rational basis" test to review the statute's validity. (*Reed*, 148 Ill. 2d at 7.) Under the rational basis test, the statutory classification is constitutional if it bears a rational basis to a legitimate State interest. (*Reed*, 148 Ill. 2d at 7-8.) It is clear that the LSD statutory provi-

sions at issue affect neither a fundamental right nor a suspect class. Therefore, we utilize the rational basis test to review the legislation's validity.

Initially, defendant argues that the LSD provisions violate equal protection because the classifications arising from the grams/objects distinction are not rationally related to the purpose of the Act. Defendant asserts that the legislative purpose underlying sections 401 and 402 is to penalize large-scale drug dealers more severely than petty distributors. Defendant argues that the grams/objects classifications accomplish the opposite result. In support of this contention, defendant argues that a major dealer delivering nine *grams* of unmixed LSD (the equivalent of approximately 180,000 doses) would be charged with a Class 1 felony pursuant to section 401(c)(7)(i), whereas a person delivering 15 *objects* (15 doses) would be charged with a Class X felony pursuant to section 401(a)(7)(A)(ii). Therefore, defendant asserts, the classification of offenses is grossly disproportionate and is not rationally related to the legislative purpose of penalizing major traffickers more severely than petty distributors.

We reject defendant's argument. Under the rational basis test, the grams/objects classifications are constitutional if any state of facts can reasonably be conceived to justify the classifications. (*Shephard*, 152 Ill. 2d at 502.) The legislative comments demonstrate that the legislature was aware of the fact that LSD is a controlled substance which is rarely, if ever, distributed or even possessed in its pure, liquid state. (See, *e.g.*, 86th Ill. Gen. Assem., Senate Proceedings, June 21, 1989, at 229 (statement of Senator Daley).) Even the United States Supreme Court has recognized that LSD is so potent that it must typically be distributed in "carrier form." In discussing the common method of distribution of LSD, the United States Supreme Court has stated:

"According to the Sentencing Commission, the LSD in an average dose weighs 0.05 milligrams; there are therefore 20,000 pure doses in a gram. *The pure dose is such an infinitesimal amount that it must be sold to retail customers in a 'carrier.'* Pure LSD is dissolved in a solvent such as alcohol, and either the solution is sprayed on paper or gelatin, or paper is dipped in the solution. The solvent evaporates, leaving minute amounts of LSD trapped in the paper or gel. Then the paper or gel is cut into 'one-dose' squares and sold by the dose. Users either swallow the squares, lick them until the drug is released, or drop them into a beverage, thereby releasing the drug." (Emphasis added.) *Chapman v. United States* (1991), 500 U.S. 453, 457, 114 L. Ed. 2d 524, 533, 111 S. Ct. 1919, 1923.

In enacting legislation designed to curb the distribution of LSD, the legislature was required to acknowledge and act upon the fact that LSD is more easily and commonly distributed in carrier/object form, rather than gram form. In reference to the carrier/object form of distribution of LSD, our appellate court has stated:

"[I]t is not the amount [weight] of the drug that becomes important but the ease of distribution of the drug in the carrier form. Without focusing on the number of carriers [objects], the intent of the legislature to eradicate the heavy traffickers in LSD could never be realized. The more objects, regardless of what they weigh, the more LSD that can be sold to more 'customers.' The distribution becomes more widespread as a result, regardless of actual weight." *People v. Sonntag* (1992), 238 Ill. App. 3d 854, 860.

In order to effectively address distribution and possession of LSD, the legislature could reasonably decide to classify offenses according to the number of "carriers" (objects or segregated parts of an object) that an offender delivers or possesses. This determination is obviously rationally related to the legislature's intent to deter the unlawful distribution and consumption of LSD, since LSD is most commonly sold to and used by drug abusers via carriers. In this case, defendant himself allegedly delivered and possessed over 90 microdots of

LSD, which are objects or carriers. The object classification is, in reality, the only way the legislature could effectively address widespread distribution of LSD to the public at the "retail" level.

Moreover, it was equally necessary and rational for the legislature to retain the gram classifications in the statutory provisions. Without the gram classifications, the large scale "wholesalers" and major distributors of LSD, who traffic or possess large quantities of the drug in its pure, liquid form, would escape just punishment because LSD in its unified, pure, liquid form would constitute only one object, regardless of how many doses the quantity could potentially produce.

Finally, we find that, because LSD is normally used and distributed in an object/carrier form, the legislature could reasonably have determined that LSD reduced to the carrier form is more dangerous to the public health and safety than pure, liquid LSD. This is so because it is through the carrier form that widespread distribution, sale, and abuse of the drug take place. It is much easier and more common to sell, transport, store, conceal and use LSD in the carrier form. Thus, the legislature reasonably could determine that it is more dangerous to society when an offender possesses or delivers 100 objects containing LSD (100 doses) than if the offender possessed or delivered one gram of pure, liquid LSD (potentially 20,000 doses). Therefore, the legislature had a rational basis to punish offenders with smaller quantities of LSD, reduced to object/carrier form, more severely than offenders with greater quantities of the pure, gram form of LSD. Accordingly, we hold that the statutory classification of offenses based on grams and objects is rationally based and reasonably related to the legislative goal of combatting the widespread distribution, possession, and consumption of LSD.

Defendant next argues that the LSD statutory

scheme which utilizes the grams/objects classifications violates equal protection in that it treats similarly situated individuals differently. Defendant asserts that, depending upon whether a charge is based upon grams or objects, similarly situated offenders will receive different penalties. Defendant notes that an offender who delivers 100 objects containing LSD which have a combined weight of 0.4 grams could be charged with a Class X felony pursuant to section 401(a)(7)(A)(ii), if the charge is based upon objects. Defendant maintains, however, that another offender delivering the same 100 objects containing LSD with the same combined weight of 0.4 grams could be charged with a Class 2 felony pursuant to section 401(d), if the charge is based upon grams. Therefore, defendant contends that this scheme treats similarly situated offenders unequally in violation of equal protection.

We reject this argument as well. As stated, a court has a duty to construe a statute in such a manner as to affirm its validity if reasonably possible. Pursuant to this duty, we construe the statute as requiring the prosecutor to charge an accused who delivered/possessed carriers of LSD (objects or segregated parts of an object containing LSD) pursuant to the statutory provisions pertaining to objects or segregated parts of an object. If the LSD is not reduced to carrier form, the accused must be charged based upon the gram classifications. Construed in this manner, any doubts concerning the statute's constitutional validity are resolved in favor of upholding the statute. Pursuant to our construction, the statutory provisions treat identical conduct equally. Therefore, we hold that these provisions do not violate the guarantee of equal protection of the law.

## B. Due Process

Defendant further argues that the grams/objects classifications violate the due process guarantees of the

Federal and State Constitutions. U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2.

The standard used to determine whether a statute violates the due process clause is " 'whether the statute is reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare.' " (*People v. Bradley* (1980), 79 Ill. 2d 410, 417, quoting *Heimgaertner v. Benjamin Electric Manufacturing Co.* (1955), 6 Ill. 2d 152, 159.) Although expressed in slightly different language, the standards used to determine the constitutionality of a statute under the due process and equal protection clauses are identical. (*Reed*, 148 Ill. 2d at 11.) As in the case of equal protection, legislation challenged on due process grounds will be upheld if it is rationally related to a legitimate State goal. *Reed*, 148 Ill. 2d at 11.

We have previously held above that the grams/objects statutory scheme is reasonably based upon and rationally related to the State's legitimate goal of combatting the widespread distribution, possession, and consumption of LSD. Therefore, we hold that the statutory provisions at issue comport with substantive due process.

Defendant argues, however, that the statutory scheme violates due process because it allows the State to punish the less culpable conduct of possession more severely than the more culpable conduct of delivery. In support of his contention, defendant asserts that an accused, like himself, who is arrested with 94 to 96 microdots which have a combined weight of 0.4 grams could be charged with a Class 1 felony for the unlawful possession of LSD pursuant to section 402(a)(7)(A)(ii), if based on the number of objects. Defendant asserts that, if based on grams, however, he could be charged with a Class 2 felony for the unlawful delivery of LSD pursuant to section 401(d). Therefore, defendant asserts that

possession of LSD is punished more severely than delivery of the identical amount of the drug.

Defendant further argues that the statutory provisions violate due process because they are vague and will result in arbitrary and erratic prosecutions. This is so, defendant contends, because law enforcement officials and the prosecution can arbitrarily decide whether to charge defendants based upon grams or objects.

We reject both of defendant's due process challenges to the legislation at issue. We have previously construed the statute as requiring that, if the accused is apprehended with LSD reduced to carrier form, he must be charged pursuant to the carrier or object provisions in the statutory scheme. If, on the other hand, the accused is apprehended with LSD that has not been reduced to carrier form, he must be charged pursuant to the gram provisions. This requirement extends to both the delivery and possession provisions. Under this construction, if the accused allegedly had objects or segregated parts of an object containing LSD, he must be charged with delivery and/or possession pursuant to the objects provisions. Therefore, an accused will never be subjected to a more severe penalty for possession than for delivery. Additionally, our construction removes any possibility of discretion on the part of law enforcement officers or the prosecution in charging defendants with violations of the LSD provisions based upon grams or objects.

In light of the above, we hold that the LSD provisions of the Act comport with the constitutional guarantees of equal protection and due process. Because we find that the LSD provisions are constitutional, we reverse the trial court's order finding that the provisions are unconstitutional and dismissing the indictment.

## II. DISMISSAL OF THE INDICTMENT

Because we reverse the trial court's order dismissing

the indictment against defendant, we will address an issue concerning count II of the indictment which was raised by the parties on appeal. Count II of the indictment charged defendant with the unlawful possession of 100 segregated parts of a substance containing LSD, which is a violation of section 402(a)(7)(A)(ii) of the Act. In count II, however, the indictment erroneously cited section 401(a)(7)(A)(ii) of the Act, which proscribes unlawful delivery of LSD. Defendant contends that the trial court properly dismissed count II based upon its constitutional analysis but that, in any event, count II is invalid because it fails to properly charge defendant with any violation of the Act.

The State responds that count II of the indictment charges defendant with unlawful possession of LSD. The State contends that count II contains merely a formal defect in that it erroneously cites section 401(a)(7)(A)(ii) (unlawful delivery) instead of the appropriate section, section 402(a)(7)(A)(ii) (unlawful possession) of the Act. The State argues that this error is merely typographical and that it should be allowed to amend the count and insert the proper statutory citation. In response, the defendant contends that the State waived its right to amend the indictment by failing to move to amend in the trial court.

A formal defect in an indictment may be corrected at any time upon motion by either party. (*People v. Campbell* (1968), 40 Ill. 2d 463, 465.) The legislature has specifically provided:

> "An indictment, information or complaint which charges the commission of an offense in accordance with Section 111—3 of this Code shall not be dismissed and may be amended on motion by the State's Attorney or defendant at any time because of formal defects, including:
>
> (a) Any miswriting, misspelling or grammatical error." (725 ILCS 5/111—5 (West 1992).)

Accordingly, if the defect in the indictment is merely a

formal defect and amendment would not constitute a substantive change, the waiver rule does not apply and amendment at any time is proper.

In the instant case, count II of the indictment specifically charges defendant with possession in both the type of charge listed as well as in the language of the charge itself. Thus, it is clear that the citation to a delivery provision was merely a formal defect or a typographical error. Under these circumstances, the State may properly amend the indictment on remand and insert the proper statutory provision.

We now turn to an issue concerning count III of the indictment. Count III charges defendant with possession of 0.4 grams of LSD in violation of section 402(c) of the Act. This count charges defendant with possession based upon grams. In count II, however, defendant was also charged with possession of 100 segregated parts of a substance containing LSD in violation of section 402(a)(7)(A)(ii) of the Act. Count II charges defendant with possession based upon objects. We have previously construed the statutory provisions, however, as requiring that a defendant who allegedly possessed/delivered LSD reduced to carrier form, as in defendant's case, must be charged based upon the objects classifications. Therefore, we find that the trial court's dismissal of count III was proper and affirm that portion of its order dismissing count III of the indictment.

For the reasons stated, we reverse the trial court's order finding the LSD provisions of the Act unconstitutional. We also reverse the trial court's dismissal of counts I and II of the indictment. We affirm the trial court's dismissal of count III of the indictment and we remand this cause for further proceedings consistent with this opinion.

*Judgment affirmed in part*
*and reversed in part;*
*cause remanded.*

JUSTICE MILLER, concurring:

I agree with the court that the statutes at issue here are constitutional. I do not agree, however, that the provisions would be invalid in the absence of the limiting construction adopted by the majority, and for that reason I write separately.

The defendant was indicted for the delivery and possession of lysergic acid diethylamide (LSD), violations of sections 401 and 402 of the Illinois Controlled Substances Act (720 ILCS 570/401, 402 (West 1992)). The trial judge dismissed the charges, agreeing with the defendant that the provisions relating to LSD are unconstitutional. In support of the trial court's ruling, the defendant highlights what he considers to be three invalid characteristics of the statutes. First, the defendant points out that delivery or possession of multiple objects containing LSD may be punished more severely than delivery or possession of the same quantity of the substance in bulk form. In addition, the defendant notes that possession of the drug in object form may be punished more severely than delivery of the same or greater bulk quantity of the substance. Finally, the defendant complains that the relationship, or ratio, between the number of objects and the weight of the drug in unified form is not constant at all degrees of the offenses, but varies from one level to another.

The majority correctly rejects all three contentions. In the course of its discussion, however, the majority unnecessarily adopts a limiting construction, concluding that the State must prosecute the delivery or possession of objects containing LSD under the objects provisions of the statutes and must prosecute the delivery or possession of bulk, unified quantities of the drug under the grams provisions of the statutes. Only in this way, says the majority, can the constitutionality of the

statutory scheme be preserved. I do not agree with the majority that the provisions would be unconstitutional in the absence of this construction.

In general, the statutes at issue here punish the delivery or possession of multiple objects containing LSD more severely than the delivery or possession of an equivalent weight of the substance in unified, bulk form. Separation of the drug into object form facilitates its illegal distribution and sale (see *Chapman v. United States* (1991), 500 U.S. 453, 457, 114 L. Ed. 2d 524, 533, 111 S. Ct. 1919, 1923), and the legislature clearly intended to enhance the severity of the offenses in those circumstances (*People v. Sonntag* (1992), 238 Ill. App. 3d 854, 860). As the majority concludes, it is entirely proper to impose greater punishment on the possession and delivery of the drug in object form.

Once the validity of this legislative goal is recognized, the only question that remains is whether the potential overlap alleged by the defendant between these provisions renders them unconstitutional. Leaving to one side the question whether the legislature intended for offenses committed in object form to be prosecuted by weight rather than number, I think it is clear that the existence of overlapping criminal statutes violates no constitutional requirement. Accordingly, I find no need for the limiting construction adopted by the majority in today's opinion.

As I stated in my dissent in *People v. Christy* (1990), 139 Ill. 2d 172, 183-87 (Miller, J., dissenting), overlapping statutes that impose different degrees of punishment are not unconstitutional; both the United States Supreme Court and this court have previously rejected due process and equal protection challenges to such statutory schemes (*United States v. Batchelder* (1979), 442 U.S. 114, 60 L. Ed. 2d 755, 99 S. Ct. 2198; *People v. Wade* (1989), 131 Ill. 2d 370; *People v. McCollough* (1974), 57 Ill. 2d 440).

In *Batchelder*, the Supreme Court construed two overlapping Federal statutes proscribing the receipt of a firearm by a convicted felon. The Supreme Court found no constitutional bar to prosecution of the defendant under the provision imposing the greater punishment. Rejecting the contention that the overlap between the statutes made them unconstitutionally vague, the Court stated:

> "Although the statutes create uncertainty as to which crime may be charged and therefore what penalties may be imposed, they do so to no greater extent than would a single statute authorizing various alternative punishments. So long as overlapping criminal provisions clearly define the conduct prohibited and the punishment authorized, the notice requirements of the Due Process Clause are satisfied." *Batchelder*, 442 U.S. at 123, 60 L. Ed. 2d at 764, 99 S. Ct. at 2204.

The *Batchelder* Court also ruled that the discretion afforded to the prosecutor by the existence of the two measures was not an infringement of equal protection or due process. The Court observed that it had "long recognized that when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants" (*Batchelder*, 442 U.S. at 123-24, 60 L. Ed. 2d at 764, 99 S. Ct. at 2204), and the Court refused to apply a different rule to overlapping statutes that require proof of the same elements. The *Batchelder* Court explained:

> "[T]here is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces in the latter context." *Batchelder*, 442 U.S. at 125, 60 L. Ed. 2d at 765, 99 S. Ct. at 2205.

In light of this precedent, and of the decisions of this court in *People v. Wade* (1989), 131 Ill. 2d 370, and *People v. McCollough* (1974), 57 Ill. 2d 440, as well, I fail to see the need for the limiting construction adopted by the majority in today's opinion. *People v. Bradley* (1980), 79 Ill. 2d 410, cited by the majority, is inapplicable here. The provisions at issue in *Bradley* imposed, in all cases, greater punishment for the possession of certain substances than for their delivery, which was contrary to the legislature's declared goal of punishing drug trafficking more severely than possessory offenses. In contrast, the defect alleged in this case simply involves a statutory scheme that, under the defendant's reading, affords the prosecutor discretion in determining what offense to charge. There is no constitutional infirmity in that.

JUSTICE McMORROW joins in this concurrence.