THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STANLEY E. OLIVO, Defendant-Appellant.

Third District    No. 3—96—0726

Opinion filed May 20, 1997.—Rehearing denied June 26, 1997.

HOMER, J., dissenting.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Lance Peterson, State's Attorney, of Morris (John X. Breslin, of State's

Attorneys Appellate Prosecutor's Office, of counsel), and Richard Leonard, of Ottawa, for the People.

JUSTICE MICHELA delivered the opinion of the court:

The defendant, Stanley E. Olivo, pled guilty to unlawful possession of a stolen vehicle and reckless homicide. 625 ILCS 5/4—103(a)(1) (West 1994); 720 ILCS 5/9—3(a) (West 1994). He was subsequently sentenced to a 40-year term of imprisonment for unlawful possession of a stolen vehicle and a concurrent five-year term of imprisonment for reckless homicide. On appeal, he argues that the trial court erred in imposing a Class X extended term of imprisonment for unlawful possession of a stolen vehicle. We affirm.

The presentence investigation report indicated that the defendant had five prior Class 2 felony convictions that all arose out of different acts. At the sentencing hearing, the court used two of the defendant's prior offenses to enhance his sentence for possession of a stolen vehicle, a Class 2 felony, to a Class X sentence. See 730 ILCS 5/5—5—3(c)(8) (West 1994). The trial court then found the defendant eligible for an extended sentence based on his third Class 2 felony. See 730 ILCS 5/5—5—3.2(b)(1) (West 1994). The court then imposed an extended Class X sentence of 40 years of imprisonment. See 730 ILCS 5/5—8—2(a)(2) (West 1994).

On appeal, the defendant argues that the trial court erred in imposing an extended Class X sentence for unlawful possession of a stolen vehicle. He contends that although his sentence was properly enhanced to Class X status, he was not eligible for a Class X extended term because he had never been previously convicted of a Class X felony.

■ When a defendant is convicted of a Class 2 felony after having two prior convictions of any Class 2 or greater felonies in Illinois, and such charges arise out of different series of acts, the defendant shall be sentenced as a Class X offender. See 730 ILCS 5/5—5—3(c)(8) (West 1994). When a defendant's sentence is increased under these circumstances, the classification of the charged offense remains the same. *People v. Thomas*, 171 Ill. 2d 207, 664 N.E.2d 76 (1996). Further, a defendant may receive an extended-term sentence when he is convicted of any felony after having been previously convicted in Illinois of the same or greater class felony within 10 years and the felonies arise out of different acts. See 730 ILCS 5/5—5—3.2(b)(1) (West 1994).

■ We find that the trial court properly imposed an extended Class X sentence. A defendant is eligible for an extended sentence if he has a prior conviction of the same or greater class as his current

*conviction,* not his current *sentence.* See 730 ILCS 5/5—5—3.2(b)(1) (West 1994). Here, the defendant's current conviction was a Class 2 felony and his prior offenses were all Class 2 felonies. Therefore, he was eligible for an extended sentence. Additionally, as the defendant concedes, he was to be sentenced as a Class X offender. The only logical extension of a Class X sentence is a Class X extended term. Accordingly, we find that the trial court did not err in imposing a Class X extended sentence.

The judgment of the circuit court of Grundy County is affirmed.

Affirmed.

HOLDRIDGE, J., concurs.

JUSTICE HOMER, dissenting:
Because the defendant has never been convicted of a Class X felony, I believe that the trial court lacked statutory authority to impose a Class X extended-term sentence.

Unlawful possession of a stolen vehicle is classified in the Illinois Vehicle Code as a Class 2 felony. 625 ILCS 5/4—103(a)(1) (West 1994). Due to the defendant's prior Class 2 felony convictions, the court was required to sentence him as a Class X offender for the current offense. 730 ILCS 5/5—5—3(c)(8) (West 1994); see *People v. Thomas,* 171 Ill. 2d 207, 221-22, 664 N.E.2d 76, 84 (1996). The sentencing range for a Class X felony is 6 to 30 years. 730 ILCS 5/5—8—1(a)(3) (West 1994). An extended-term sentence may be given "[w]hen a defendant is *convicted* of any felony, after having been *previously convicted* in Illinois or any other jurisdiction of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the *previous conviction.*" (Emphasis added.) 730 ILCS 5/5—5—3.2(b)(1) (West 1994).

Citing *Thomas,* the majority correctly notes that the classification of the defendant's charged offense remained a Class 2 felony, even though he had to be sentenced as a Class X felon. Since neither the defendant's present nor prior convictions involved Class X felonies, section 5—5—3.2(b)(1) is inapplicable.

Under the rationale adopted by the majority the defendant would, by necessity, have received a lesser sentence had he actually committed a Class X felony. In that event, since it could not be said that the defendant had previously been convicted "of the same or similar class felony or greater class felony," section 5—5—3.2(b)(1) would not apply, and the defendant, therefore, would not have been eligible for a Class X extended-term sentence.

The legislature could not possibly have intended such an anomalous result, for if it did, such a disproportionate punishment scheme would surely fail constitutional scrutiny. See *People v. Wisslead*, 94 Ill. 2d 190, 446 N.E.2d 512 (1983). Doubts in statutory construction must be resolved in favor of the statute's constitutionality. *People v. Williams*, 263 Ill. App. 3d 1098, 1102, 638 N.E.2d 207, 211 (1994); *People v. Kimbrough*, 163 Ill. 2d 231, 237, 644 N.E.2d 1137, 1141 (1994). Thus, both a current and prior Class X felony conviction are required for eligibility for a Class X extended-term sentence under section 5—5—3.2(b)(1).

Accordingly, I would vacate the defendant's 40-year sentence for unlawful possession of a stolen vehicle and remand for resentencing on that conviction.