THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES LUSIETTO, JR., Defendant-Appellant.

Third District    No. 3—99—0506

Opinion filed September 15, 2000.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, and Michael H. Vonnahmen, of Springfield, for appellant.

Michael James, State's Attorney, of Ottawa (John X. Breslin and Terry A.

Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOMER delivered the opinion of the court:

A jury convicted the defendant, James Lusietto, Jr., of cannabis trafficking. 720 ILCS 550/5.1 (West 1998). The defendant was sentenced to 15 years of imprisonment. On appeal, the defendant argues that: (1) the court erred in allowing the "mere fact" of his previous felony conviction into evidence; (2) his sentence was excessive; and (3) the cannabis trafficking provision violates equal protection guarantees (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2). We affirm.

Before trial, the defendant filed a motion *in limine* seeking to bar introduction of his 1985 felony conviction for unlawful delivery of a controlled substance. The court ruled that the fact the defendant had a prior felony conviction could be introduced, but the name of the offense could not.

At trial, the State presented evidence that on May 12, 1998, Federal Express contacted La Salle police about a suspicious package. A dog trained to detect narcotics alerted on the package. A police officer then disguised herself as a Federal Express employee and delivered the package to its destination. Richard Presthus accepted the package and signed for it. Presthus took the package to his sister's home while he was followed by police. When Presthus emerged from the home without the package, the police stopped him. Presthus admitted to the police that the package contained cannabis. He said it had been sent by the defendant. The police retrieved the package from the home of Presthus' sister.

The return address on the package indicated that it had been sent from San Diego, California. Inside it, the police found a quantity of cannabis wrapped in saran wrap and newspapers. The police searched Presthus' home and found a Federal Express receipt for a parcel sent to the defendant in San Diego. Presthus admitted to the police that he had sent money to the defendant by Federal Express as payment for the defendant's shipments of cannabis and sunglasses.

Police officers went to San Diego and determined that the defendant was living there on a boat. The police searched the boat and found the following items: (1) a notebook containing Presthus' name and phone number; (2) a calendar containing Presthus' name and the address of his ex-wife; and (3) a card in the defendant's wallet containing the word "Stretch" and the phone number of Presthus' ex-wife.

At trial, Richard Presthus testified that his nickname was Stretch and he was 26 years old. He was a long-time friend of the defendant.

Presthus stated that he and the defendant had entered into a scheme to sell cannabis and imitation designer sunglasses. He reaffirmed that the cannabis in the package had been sent to him by the defendant.

Presthus admitted that he had pled guilty to possession of cannabis with the intent to deliver in connection with this case. Presthus had agreed to provide truthful testimony in the defendant's case in return for the prosecutor's promise not to charge him with cannabis trafficking.

Forensic experts testified that two fingerprints found on the newspaper the cannabis was wrapped in belonged to the defendant. One fingerprint belonged to the defendant's wife. The cannabis seized weighed 2,530.6 grams.

The defendant testified that he had been convicted of a felony in 1985. According to the defendant, he had given Presthus some sunglasses for resale, and they had agreed to split the profits. Presthus had also asked the defendant for help in selling cannabis, but the defendant had refused. However, the defendant introduced Presthus to someone called Jesus who worked at the marina where the defendant lived. Jesus supplied the defendant with cannabis. Jesus sometimes worked in an area where the defendant took out his garbage. On May 11, 1998, the defendant's wife took out the garbage, including the Sunday newspaper.

Following the defendant's conviction, the cause proceeded to sentencing. The evidence at sentencing showed that the defendant was 46 years old. He had six prior convictions for robbery, burglary, aggravated assault, and several drug offenses. Presthus had no prior convictions and had received probation for his conviction of possession of cannabis with the intent to deliver. The court imposed a sentence of 15 years of imprisonment on the defendant.

On appeal, the defendant argues that the trial court erred in allowing the "mere fact" of his prior felony conviction into evidence.

■ The Illinois Supreme Court has recently ruled that a witness should not be impeached by introducing the fact that he had a prior felony conviction without stating the offense for which he was convicted. *People v. Atkinson*, 186 Ill. 2d 450, 713 N.E.2d 532 (1999).

■ The defendant did not object to the mere fact method at trial or in his posttrial motion. Therefore, he has waived this issue, and we will only reverse if plain error occurred. *People v. Enoch*, 122 Ill. 2d 176, 522 N.E.2d 1124 (1988). Plain error is error that denies the defendant a fair trial or error that occurs in a trial in which the evidence is closely balanced. *People v. Hayes*, 139 Ill. 2d 89, 564 N.E.2d 803 (1990). We conclude that plain error did not occur.

■ First, the evidence was not closely balanced. The defendant's

guilt was clearly established by Presthus' testimony, the evidence on the boat and in Presthus' home, and the fingerprints of the defendant and his wife on the newspaper that was wrapped around the cannabis.

Second, we hold that the defendant was not denied a fair trial. This prong of the plain error test is reserved for rare cases where a reviewing court must correct an error "to preserve the integrity and reputation of the judicial process." *People v. Herrett*, 137 Ill. 2d 195, 214, 561 N.E.2d 1, 10 (1990). The use of the mere fact method—which was apparently intended to lessen the prejudice to the defendant—was not such an error. We therefore conclude that plain error did not occur.

■ The defendant next argues that his sentence was excessive when compared to that of his codefendant, Richard Presthus.

The sentence of a codefendant who pled guilty cannot be compared to the sentence of a defendant who stood trial. *People v. Reyna*, 289 Ill. App. 3d 835, 682 N.E.2d 1191 (1997). Codefendants are not similarly situated if they have been convicted of different crimes. *People v. Eubanks*, 283 Ill. App. 3d 12, 669 N.E.2d 678 (1996). In addition, differences in sentences of codefendants may be justified by their relative character and history, their degree of culpability, their rehabilitative potential, and their criminal records. *Reyna*, 289 Ill. App. 3d 835, 682 N.E.2d 1191. The sentence imposed by the trial court will not be reversed unless it was an abuse of discretion. *People v. Streit*, 142 Ill. 2d 13, 566 N.E.2d 1351 (1991).

Presthus pled guilty in this case to a lesser charge and, pursuant to the agreement, provided testimony against the defendant. Therefore, his sentence is not a suitable basis for comparison to that of the defendant. In addition, a longer sentence for the defendant was justified by his greater criminal record and Presthus' relative youth. We therefore conclude that the sentence was not an abuse of discretion.

■ Lastly, the defendant argues that the cannabis trafficking provision violates the equal protection clauses of the United States and Illinois Constitutions. U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2. The defendant states that a person who sends less than 2,500 grams of cannabis into Illinois is guilty of no crime in this state. See 720 ILCS 550/5.1(a) (West 1998) (minimum amount of cannabis for application of cannabis trafficking provision is 2,500 grams). The defendant argues that since he sent an amount slightly greater than 2,500 grams into this state and was found guilty of an offense punishable by 8 to 30 years of imprisonment (720 ILCS 550/5.1(b) (West 1998)), he was denied equal protection.

The constitutional right to equal protection of the law guarantees that the State must treat similarly situated persons in a similar man-

ner. *People v. Kimbrough*, 163 Ill. 2d 231, 644 N.E.2d 1137 (1994). However, the State retains the power to classify and draw lines that treat different classes of persons differently. If a statutory classification neither impinges on a fundamental constitutional right nor is based on a "suspect" class, a court will use the "rational basis" test to review the statute's validity. *Kimbrough*, 163 Ill. 2d 231, 644 N.E.2d 1137. Under the rational basis test, a statutory classification will be upheld if it bears a rational basis to a legitimate state interest. *Kimbrough*, 163 Ill. 2d 231, 644 N.E.2d 1137.

The provision at issue is found in the Cannabis Control Act (Act) (720 ILCS 550/1 *et seq.* (West 1998)). The legislative declaration accompanying the Act acknowledges that the use of cannabis is widespread in Illinois. 720 ILCS 550/1 (West 1998). The declaration further states that previous efforts to limit the use of cannabis unnecessarily drew a large segment of the population into the criminal justice system without deterring the use of cannabis. Therefore, the declaration concludes, the intent of the legislature in passing the Act was to establish a penalty system that directs the efforts of law enforcement toward large-scale traffickers.

The provision at issue affects neither a fundamental right nor a suspect class. See *Kimbrough*, 163 Ill. 2d 231, 644 N.E.2d 1137. Therefore, the rational basis test is used to determine its validity. The deterrence of cannabis trafficking into this state is clearly a legitimate state interest. The legislature's decision to focus state resources on the deterrence of large-scale traffickers was rationally related to the state interest. We therefore conclude that the cannabis trafficking provision does not violate equal protection.

The judgment of the circuit court of La Salle County is affirmed.

Affirmed.

SLATER, P.J., and LYTTON, J., concur.