No. 3--05--0382

_____

filed December 7, 2007.

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04--CF--1020 |
| AARON S. HOLLEY, | ) ) | Honorable James E. Shadid, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE LYTTON delivered the Opinion of the court:
_____


A jury found the defendant, Aaron S. Holley, guilty of aggravated criminal sexual assault (720 ILCS 5/12--14(a)(1) (West 2004)).  The trial court denied the defendant's pro se motion for a new trial in which he alleged, among other things, ineffective assistance of counsel.  The court sentenced the defendant to 24 years of imprisonment.

On appeal, the defendant argues that (1) the matter should be remanded for the trial court to determine whether a new attorney should be appointed to argue his ineffective assistance claim; (2) his sentence was void because it was not authorized by statute; (3)

the statutory provision under which he should have been sentenced violates the Illinois Constitution's prohibition against disproportionate penalties; and (4) in imposing the sentence, the court relied upon an improper factor in aggravation. The State contends that the defendant lacks standing to make his proportionate penalties argument. We (1) remand the matter for a hearing to determine whether a new attorney should be appointed to argue the defendant's ineffective assistance claim; (2) vacate the defendant's sentence, and remand the cause for resentencing; and (3) rule that the defendant does not have standing to assert his proportionate penalties argument.

FACTS

In its indictment, the State charged the defendant with having committed aggravated criminal sexual assault "by the use of force or threat of force while displaying a dangerous weapon[,] being a handgun *** in violation of 720 ILCS 5/12--14(a)(1)" in 2004. As the defendant points out, however, section 12--14(a)(1) concerns commission of the offense while displaying a dangerous weapon "other than a firearm." See 720 ILCS 5/12--14(a)(1) (West 2004).

At the trial, the victim testified that the defendant and another man sexually penetrated her while threatening her with a handgun. The jury found the defendant guilty.

2

The defendant filed a pro se motion for a new trial in which he alleged, among other things, ineffective assistance of counsel for failing to file a motion to dismiss and a motion to suppress. During the hearing on the defendant's motion, the court asked the defendant about his motion. As part of one long, rambling sentence in which the defendant discussed his attorney's failure to file a motion to dismiss and a motion to suppress, as well as the lack of "DNA" evidence in the case, the defendant also said, "I was telling him that I should have had took a bench trial anyway, and he knows that, I don't know anything about the law, but he knows that, and he didn't--he didn't go basically to his law experience and take it to a bench trial instead of jury trial." The defendant's reference to a bench trial was not discussed again during the remainder of the hearing. The court denied the defendant's motion.

The matter then proceeded directly to sentencing. As part of the sentencing hearing, the judge said, "The Court is *** required under the law to sentence to *** a minimum of 16 years because of the jury's verdict for a violation of 720 ILCS 5/12-14(a)(1), which sets forth a Class X felony *** for which ten years shall be added to the term of imprisonment." Later, the judge stated, "The Court will sentence Mr. Holley to serve a [prison] term *** of 14 years, and then by statute, impose an additional ten years as required by law, total sentence being 24 years." The court denied the

3

defendant's motion to reconsider the sentence, and the defendant appealed.

## ANALYSIS

### I. Ineffective Assistance

The defendant submits that the matter should be remanded for the trial court to determine whether a new attorney should be appointed to argue his ineffective assistance claim.

When a defendant presents ineffective assistance claims, the trial court should first examine the factual basis of the claims. People v. Moore, 207 Ill. 2d 68, 797 N.E.2d 631 (2003). The trial court is required to appoint new counsel to argue the defendant's ineffective assistance claims if the court determines that the underlying facts reveal possible neglect on the part of the defendant's trial counsel. Moore, 207 Ill. 2d 68, 797 N.E.2d 631. Where the trial court fails to rule on a defendant's pro se posttrial motion, the appellate court must decline to consider the motion's merits, and must remand the matter to the trial court. People v. Jackson, 158 Ill. App. 3d 394, 511 N.E.2d 923 (1987).

In the present case, the defendant presented ineffective assistance claims as part of his pro se motion for a new trial. During the hearing on the motion, the defendant stated that he had asked his attorney about requesting a bench trial. From the context of the defendant's statement, we cannot determine whether

4

the defendant discussed a request for a bench trial with his attorney before or after the trial. Neither the parties nor the court sought clarification of this point from the defendant or his attorney at the hearing. In any event, although the trial court denied the defendant's motion generally, the court did not rule on the defendant's allegation concerning having discussed a bench trial with his attorney.[1] Therefore, under <u>Moore</u> and <u>Jackson</u>, we must remand the matter to the trial court for a hearing to determine the factual basis of the defendant's ineffective assistance claim concerning requesting a bench trial. If the court determines that the underlying facts reveal possible neglect on the part of the defendant's trial counsel regarding the defendant's request for a bench trial, the court would then be required to appoint new counsel to argue the defendant's ineffective assistance claims. See <u>Moore</u>, 207 Ill. 2d 68, 797 N.E.2d 631.

We note that, in spite of our supreme court's holding on this issue in Moore that " '[i]n the absence of a ruling by the trial court on the defendant's pro se post-trial motion, we decline to

---

[1] We observe that the partial dissent erroneously states that we suggest that the trial court did not rule on the defendant's ineffective assistance of counsel claim because the court denied the defendant's motion generally.

5

consider its merits *** ' " (207 Ill. 2d at 81, quoting Jackson, 158 Ill. App. 3d at 401), the partial dissent has broadly considered the merits of the defendant's specific ineffective assistance claim.  It contends that the defendant in this case could not prevail in his ineffective assistance argument because although a defendant has a constitutional right to a jury trial, a defendant does not have a constitutional right to a bench trial, that is, a constitutional right to waive a jury trial.

Even if, arguendo, we were to consider this contention, the Illinois Supreme Court has twice stated that a defendant, after consulting with his attorney, has the right to decide, among other things, whether to waive a jury trial.  See People v. Brocksmith, 162 Ill. 2d 224, 642 N.E.2d 1230 (1994); People v. Ramey, 152 Ill. 2d 41, 604 N.E.2d 275 (1992).  According to Brocksmith and Ramey, the trial attorney in the present case arguably would have provided ineffective assistance by failing to honor the defendant's wish to waive a jury trial.

In support of its argument, the partial dissent cites obiter dicta from People v. Powell, 281 Ill. App. 3d 68, 666 N.E.2d 365 (1996).  However, the dicta in Powell is, by definition, not the holding of the case.  The holding in Powell concerned a trial attorney's erroneous communication with a defendant, whereas the present case concerned the defendant's communication with the

6

lawyer, which, the defendant argues, the lawyer ignored. We find the holding of Powell to be distinguishable from the instant case, and therefore inapplicable.

Because we cannot rule on the defendant's ineffective assistance issue, our remand of the cause cannot conclude this matter. Therefore, we next consider the defendant's sentencing arguments.

## II. Sentence

The defendant contends that he was incorrectly sentenced under the subsection of the aggravated criminal sexual assault statute (720 ILCS 5/12--14(a)(1) (West 2004)) that was listed in the charging instrument. For the sake of clarity, we note that the defendant is not arguing that the charging instrument was fatally flawed, but rather, that the trial court erred in imposing his sentence. Specifically, the defendant argues that (1) the sentence the trial court imposed is void because it was not authorized by subsection 14(a)(1); and (2) the subsection of the statute under which he should have been sentenced (720 ILCS 5/12--14(a)(8) (West 2004)) violates the Illinois Constitution's proportionate penalty clause.

## A. Void Sentence

The defendant argues that his sentence was void because it was not authorized by subsection 14(a)(1).

A sentence that does not conform to a statutory requirement is void. People v. Thompson, 209 Ill. 2d 19, 805 N.E.2d 1200 (2004). This issue concerns the interpretation of a statute, which is a question of law, and therefore our review is de novo. See People v. Jones, 223 Ill. 2d 569, 861 N.E.2d 967 (2006).

The defendant in this case was found guilty of committing aggravated criminal sexual assault. Subsection (a) of the aggravated criminal sexual assault statute states that an "accused commits aggravated criminal sexual assault if he *** commits criminal sexual assault and any of" 10 enumerated aggravating factors. 720 ILCS 5/12--14(a) (West 2004). The defendant in the present case was sentenced under the first aggravating factor of subsection (a), which states that "the accused displayed, threatened to use, or used a dangerous weapon, other than a firearm." 720 ILCS 5/12--14(a)(1) (West 2004).

Aggravated criminal sexual assault is a Class X felony for which the basic sentencing range is 6 to 30 years. 720 ILCS 5/12--14(d)(1); 730 ILCS 5/5--8--1(a)(3) (West 2004). However, certain subsections of the aggravated criminal sexual assault statute increase the sentence beyond the Class X sentencing range. See 720 ILCS 5/12--14(d)(1) (West 2004). With regard to this case, "[a] violation of subsection (a)(1) is a Class X felony for which 10

8

years shall be added to the term of imprisonment imposed by the court."  720 ILCS 5/12--14(d)(1) (West 2004).

In the instant case, the trial court mistakenly sentenced the defendant under subsection (a)(1) of the aggravated criminal sexual assault statute.  A sentence under subsection (a)(1) requires that the defendant committed the crime while he "displayed, threatened to use, or used a dangerous weapon, other than a firearm."  720 ILCS 5/12--14(a)(1) (West 2004).  In this case, the record clearly shows that the weapon displayed by the defendant was a firearm. The defendant's sentence was void as a matter of law because it did not conform with the statutory requirement that the dangerous weapon displayed by the defendant must be a weapon other than a firearm.  See Thompson, 209 Ill. 2d 19, 805 N.E.2d 1200. Therefore, we vacate the defendant's sentence and remand the cause to the trial court for resentencing.

Because we have vacated the defendant's sentence, we need not consider his argument concerning the court's use of an improper sentencing factor in aggravation.

B. Disproportionate Penalty

The defendant submits that the trial court should have sentenced him under subsection (a)(8) of the aggravated criminal sexual assault statute (720 ILCS 5/12--14(a)(8) (West 2004)) because the record shows that he was armed with a firearm while he

9

committed the offense. The defendant contends that subsection (a)(8) violates the proportionate penalty clause of the Illinois Constitution. He argues that the sentence for subsection (a)(8) must revert to the sentence under the version of the statute that was in place before subsection (a)(8) was enacted, which was a Class X sentence. The defendant claims, therefore, that we should order the trial court to impose a Class X sentence on remand. The State asserts that the defendant lacks standing to raise this issue because he was not sentenced under subsection (a)(8).

Initially, the defendant's argument was based, in part, on People v. Hampton, 363 Ill. App. 3d 293, 842 N.E.2d 1124 (2005) (Hampton I). However, during the pendency of these proceedings, in People v. Hampton, 225 Ill. 2d 238, 867 N.E.2d 957 (2007) (Hampton II), the Illinois Supreme Court vacated that portion of Hampton I that had found subsection (a)(8) to violate the proportionate penalty clause. We granted the defendant's motion to add Hampton II as authority.

A defendant does not have standing to challenge the constitutionality of a sentencing statute under which he was not sentenced unless he argues that the entire act by which the statute was enacted is unconstitutional. People v. Mayberry, 63 Ill. 2d 1, 345 N.E.2d 97 (1976); People v. Sonntag, 238 Ill. App. 3d 854, 605 N.E.2d 1064 (1992).

10

In this case, the defendant is not arguing that the entire act under which subsection (a)(8) was enacted is unconstitutional. He is arguing that subsection (a)(8) violates the proportionate penalty clause of the Illinois Constitution. However, the defendant was not sentenced under subsection (a)(8). As we discussed above, he was improperly sentenced under subsection (a)(1). Therefore, we agree with the State and rule that the defendant does not have standing to raise this issue.

In further support of our decision, we note that our supreme court stated in Hampton II that we should not rest our decision on constitutional grounds if the matter may be resolved on other grounds. In this case, we need not reach the defendant's constitutional argument because our decision rests on the preliminary issue that the defendant lacks standing to bring such a constitutional argument.

Additionally, we observe that in Hampton II the Illinois Supreme Court reiterated its admonition against issuing advisory opinions. Even though on remand it is possible that the trial court will resentence the defendant under subsection (a)(8), our consideration of the constitutionality of subsection (a)(8) would be advisory at this point in the proceedings. For this additional reason, we must decline the defendant's invitation to consider his constitutional argument.

11

We affirm the Peoria County circuit court's judgment of conviction, vacate the sentence imposed by the court, and remand the cause for resentencing. We also remand the matter for further proceedings consistent with this order concerning the defendant's ineffective assistance claim.

Affirmed in part, vacated in part, and remanded with directions.

JUSTICE WRIGHT specially concurring:

I agree that *People v. Moore*, 207 Ill. 2d 68 (2003), requires the cause be remanded to the trial court for a hearing to determine the factual basis of defendant's ineffective-assistance-of-counsel claim. I also agree that defendant was improperly sentenced in this case. However, I am concerned that resentencing alone may not cure the sentencing error.

To analyze the sentencing issue raised in this case, it is necessary first to review the language of the original charge. The State charged defendant with violating subsection 12--14(a)(1) of the Criminal Code of 1961 (Code) (720 ILCS 5/1--1 *et seq.* (West 1998)) for acts committed on October 5, 2004. Specifically, defendant was charged with committing the offense of aggravated criminal sexual assault "while displaying a dangerous weapon *being a firearm*, (emphasis added)" under a subsection of the current statute that requires the weapon used to *other than* a firearm.

Formal, nonsubstantive defects in a charging instrument may be corrected by the State at any time with a motion to amend the charge. 725 ILCS 5/111--5 (West 2004); *People v. Tellez-Valencia*, 188 Ill. 2d 523, 526 (1999). However, a defect caused by charging an offense based on a statute no longer in effect when the alleged offense occurred is fatal, rendering the entire

instrument invalid, and warranting reversal of a resulting conviction. *Tellez-Valencia*, 188 Ill. 2d at 527 (citing *People v. Wasson*, 175 Ill. App. 3d 851, 854-55 (1988)).

Importantly, the State did not move to amend the charge at any point during the proceedings. Under the 1998 version of subsection 12--14(a)(1) of the Code, a Class 1 felony criminal sexual assault became an aggravated Class X offense when "the accused displayed, threatened to use, or used a dangerous weapon." 720 ILCS 5/12--14(a)(1) (West 1998). The 1998 version of the Class X offense remained in effect only until December 31, 1999. Nevertheless, the State used the language of the 1998 statute to charge this defendant with a crime committed with a firearm in 2004.

A brief history of the evolution of the aggravated criminal sexual assault statute is helpful to an understanding of the sentencing issue discussed above. The Illinois legislature, adopting an active approach to deter crimes committed with firearms, amended the Code effective January 1, 2000, by enacting Public Act 91--404. This Act added the graduated "15/20/25-to-life" sentencing enhancements for many sexual assaults and other felony offenses committed with a firearm.[2] The General Assembly declared its legislative intent as follows:

> "In order to deter the use of firearms in the commission of a felony offense, the General Assembly deems it appropriate for a greater penalty to be imposed when a firearm is used or discharged in the commission of an offense than the penalty imposed for using other types of weapons." 720 ILCS 5/33A--1(b)(1) (West 2000).

---

[2]. See Pub. Act 91--404, sec. 5, eff. January 1, 2000 (amending 720 ILCS 5/8--4 (Attempt), 720 ILCS 5/9--1.2 (Intentional Homicide of an Unborn Child), 720 ILCS 5/10--2 (Aggravated Kidnapping), 720 ILCS 5/12--4.3 (Aggravated Battery of a Child), 720 ILCS 5/12--11 (Home Invasion), 720 ILCS 5/12--14 (Aggravated Criminal Sexual Assault), 720 ILCS 5/12--14.1 (Predatory Criminal Sexual Assault of a Child), 720 ILCS 5/18--2 (Armed Robbery), 720 ILCS 5/18--4 (Aggravated Vehicular Hijacking)).

The same Act created three new categories of aggravated criminal sexual assaults involving firearms, now labeled subsections 5/12--14(a)(8), (9) and (10) of the Code, which divide these offenses committed with a firearm into graduated degrees of Class X felonies (720 ILCS 5/12--14(a)(8), (9), (10), (d)(1) (West 2000). See Pub. Act 91--404, sec. 5, eff. January 1, 2000. When creating these new categories of aggravated criminal sexual assaults, the legislature omitted all firearms from subsection 12--14(a)(1) and restricted this subsection to aggravated criminal sexual assaults committed with weapons *other than* firearms. 720 ILCS 5/12--14(a)(1) (West 2000). Consequently, on October 5, 2004, the date of the offense in this case, an aggravated criminal sexual assault *with* a firearm should have been charged under subsection 12(a)(8), (9) or (10), but could not be charged under subsection 12--14(a)(1), because a subsection 12--14(a)(1) offense could only be committed with a dangerous weapon *other than* a firearm.

The legislature also decided the nature of the charge and resulting conviction would determine the range of punishment a judge *must* impose. See 720 ILCS 5/12--14(d) (West 2004). Legislative mandates currently include multiple ranges of punishment which are dependent on multi-faceted, fact-based nuances tied directly to the numerical subsection of the statute as charged, not to the title of the offense. Such mandates compound the sentencing judge's difficulty in fashioning an appropriate sentence. Under the current scheme, an error in the statutory numerical subsection of the aggravated criminal sexual assault charged virtually assures the court will commit a sentencing error.

Judges now need flow charts to determine proper punishment. Nevertheless, fundamental fairness demands that full and correct disclosure of mandatory penalties be given to the defendant in advance of trial. Here, complex legislation enacted by a well-intended legislature has resulted in an unforeseen difficulty.

14

In error, the prosecution adopted the language of the 1998 statute to charge this defendant with a crime committed in 2004. Not only does the defect in the charging instrument raise serious concerns about the validity of the conviction in this case, the charging error resulted in a sentence which added a mandatory 10 years, instead of 15 years to defendant's sentence. While this may seem to benefit defendant, he could not have been put on notice that his sentence must be increased by 15 years upon conviction. In my opinion, the record reflects a substantive variance between the charge and the ultimate sentence imposed based on the charging instrument.

This variance is further compounded by outdated IPI instructions (Illinois Pattern Jury Instructions, Criminal, Nos. 11.57 and 11.58 (4th ed. 2000)) given by the court in this case, which did not require the jury to find that a firearm was used in this offense. Based on the instructions given, the jury determined defendant used a "dangerous weapon" in the commission of the offense. A dangerous weapon adds 10 years to a sentence. A firearm adds 15 years. The jury did not find that a "firearm" was used. See *Apprendi v. New Jersey*, 530 U.S. 466, 494-95, 147 L. Ed. 2d 435, 458, 120 S. Ct. 2348, 2365 (2000) (holding a criminal defendant is entitled to a jury determination that he is guilty beyond a reasonable doubt of not only every element of which he is charged, but also every factor which can be used to enhance his sentence) .

Finally, I believe it unfair to characterize the sentencing error as the trial court's mistake. It is unfortunate error occurred, but it originated with the prosecution's selection of outdated language in a "form" indictment which should have been discarded or modified long ago. The judge understandably relied on the numerical subsection charged when applying the 10-year sentencing enhancement. Accordingly, I respectfully suggest that on remand, in addition to addressing the ineffective-assistance-of-counsel issues, the trial court and counsel carefully examine whether the

error occasioned by the outdated language of the indictment affected not only the sentence imposed, but the propriety of defendant's conviction as well.

JUSTICE SCHMIDT, concurring in part and dissenting in part:

I concur with the majority opinion with the exception of that portion which remands for further proceedings on the ineffective assistance of counsel claim. The trial court previously satisfied its obligations under *Moore*. The defendant filed a *pro se* motion for a new trial alleging, among other things, that his trial counsel was ineffective for failing to file a motion to suppress evidence and failing to file a motion to dismiss. When asked to address his allegations of ineffective assistance of counsel, defendant added that, "I was telling him that I should have had took a bench trial anyway, and he knows that, I don't know anything about the law, but he knows that, and he didn't - - he didn't go basically to his law experience and take it to a bench trial instead of a jury trial." There was no further discussion about this. The majority concludes that somehow a trial attorney could have been guilty of neglect for trying defendant's case to a jury rather than a single judge. Neither *Moore* nor any other case requires remand in this case. While the defendant's language makes it appear that his comment to his lawyer about a bench trial was made after the fact, I believe it is legally irrelevant as to when the comment was made.

16

Assuming for the sake of argument that we remand, and it is established that defendant did talk to his counsel before trial and expressed wishes for a bench trial, then what relief could defendant obtain?  "The argument defendant makes here could be made in every case in which a defendant is convicted by a jury and the trial court did not explicitly inquire of defendant, before or during the jury selection process, whether he in fact wished to have a jury trial."  *People v. Powell*, 281 Ill. App. 3d 68, 73, 666 N.E.2d 365, 369 (1996).

The record clearly shows that defendant was present in the trial court on October 29, 2004, when his attorney stated, "At this time, your Honor, my client will enter a plea of not guilty, waive reading of the charge, and request a jury trial setting and reciprocal discovery."

Defendant was also present in court on January 24, 2005, when the trial in this case commenced by the court stating, "We're on the record now and the People of the State of Illinois versus Aaron Holley, 04--CF--1020, the bailiff is going to get the <u>jurors</u> out of the hallway so that we can begin <u>jury selection</u>.  Mr. Holley is present in open court with his attorney, Mr. Morris, Ms. Patton for the People."  (Emphasis added.)  Once the jury venire was called in, the court introduced the defendant and his attorney to the venire and defendant

17

greeted the venire with a "good afternoon." On January 24, a jury was selected, motions *in limine* were argued, and opening statements were made in defendant's presence. The trial continued on January 25. The jury began deliberations at approximately 4:10 p.m. on that date. The jury returned on January 26, 2005, for continued deliberations. The jury returned a guilty verdict on that date. Defendant was present with his counsel for the return of the verdict. Upon entry of the verdict, defendant's bond was revoked and sentencing and posttrial motions were set for March 23, 2005.

At no time during any of these proceedings did defendant ever advise the court that he was objecting to proceeding with a jury trial. Not when his attorney requested a jury trial; not when the case was called for jury trial; not during the arguing of motions *in limine*; not during *voir dire*; not during the jury trial itself; not when the verdict was received.

As the appellate court pointed out in *Powell*, "Even at its most efficient, the process of selecting a jury in a criminal case takes a considerable amount of time - usually at least an hour or more. A defendant sitting in a courtroom watching this process could hardly be confused as to what is taking place. Thus, we have no sympathy for this defendant or any other who sits through that entire process and - while supposedly wishing

18

for a bench trial - says *nothing* to the trial court even though, as defendant claims here, his trial counsel has failed to request a bench trial in accordance with defendant's wishes." (Emphasis in original.) *Powell*, 281 Ill. App. 3d at 73, 666 N.E.2d at 369.[3]

Remanding this case for further inquiry into the issue of whether defendant wanted a bench trial is a waste of limited judicial resources. This cannot be ineffective assistance of counsel. Suppose defendant was attempting to obtain a new trial because he had a bench trial but then argued on appeal that he was entitled to a new trial based on ineffective assistance of counsel because he had told his attorney that he wanted a jury trial. The result would be clear if defendant, like here, had sat through pretrial proceedings and the bench trial without objecting. See *People v. Frey*, 103 Ill. 2d 327, 469 N.E.2d 195 (1984); *People v. Johnson*, 347 Ill. App. 3d 442, 807 N.E.2d 693 (2004). The majority opinion here sets up the untenable necessity for trial judges to secure bench trial waivers before jury trials. This makes no sense. Under our system, the jury trial is both the "default mode" and the "gold standard."

---

[3]The majority argues that I am citing *dicta* in *Powell*. Slip op. at 6. In the next breath, the majority cites *Brocksmith* and *Ramey* in support of its position. Slip op. at 6. I am content to let the trial bar decide who is citing *dicta* in support of his position.

19

Furthermore, the trial judge did discuss defendant's ineffective assistance of counsel claim with defendant, fulfilling any obligations under *Moore*, at least under the facts of this case. I, therefore, dissent from that portion of the opinion remanding this matter for further proceedings on defendant's ineffective assistance of counsel claim.[4]

---

[4]At pages 4 and 5, Presiding Justice Lytton suggests that the trial court did not rule on defendant's ineffective assistance of counsel claim apparently because it "denied defendant's motion generally." Slip op. at 4. This was a ruling on defendant's motion and the trial court knew everything it needed to know to make the ruling. Defendant does not argue that the trial court did not rule. To the contrary, defendant complains that the trial court erred in denying his motion.