# Illinois Official Reports

## Appellate Court

***People v. Williams*, 2014 IL App (3d) 120240**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK WILLIAMS, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-12-0240 |
| Filed<br>Modified upon<br>denial of rehearing | January 23, 2014<br><br>February 11, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction and sentence for possession of a controlled substance with intent to deliver was upheld on appeal over defendant's contention that his guilt was not established beyond a reasonable doubt, since the evidence was sufficient to sustain his conviction, and due to the numerous errors in the calculation of the fines and fees imposed on defendant, the cause was remanded to the trial court for a correct calculation of the fines, fees, and other charges ordered as part of defendant's sentence. |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 11-CF-341; the Hon. Timothy M. Lucas, Judge, presiding. |
| Judgment | Affirmed in part and remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier and David T. Harris, both of State Appellate Defender's Office, of Chicago, for appellant.

Jerry Brady, State's Attorney, of Peoria (Laura E. DeMichael, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE WRIGHT delivered the judgment of the court, with opinion. Presiding Justice Lytton and Justice McDade concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant, Mark Williams, was convicted of possession of a controlled substance with intent to deliver (720 ILCS 570/401(d)(i) (West 2010)), and sentenced to 5½ years in prison. Defendant appeals, arguing: (1) the State failed to prove him guilty of the offense beyond a reasonable doubt; and (2) certain fines and fees were improper. We remand for the court to correctly calculate the fines, fees, assessments, costs and other charges ordered by the court as part of defendant's sentence and otherwise affirm.

¶ 2                                    FACTS

¶ 3    Following a search of defendant's residence and person, the State charged defendant with unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2010)) and unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(d)(i) (West 2010)). The cause proceeded to a jury trial.

¶ 4    At trial, Peoria police officer Erin Barisch testified that, while executing a search warrant, the officer discovered a plastic bag containing five small foil bundles of heroin in defendant's pocket. Barisch collected the bundles and asked defendant how he had obtained the contraband. Defendant told Barisch he often bought and "re-up[ped]" with heroin.[1] Barisch testified that defendant said he sold bundles of heroin for $10 each.

¶ 5    At the conclusion of the trial, the jury found defendant guilty of unlawful possession of a controlled substance with intent to deliver. The court sentenced defendant to 5½ years in prison. The court awarded credit for one day served on March 11, 2011, and for the days served beginning on July 27, 2011, until his sentencing date of March 15, 2012.

---

[1]According to Barisch, the term "re-up" meant that an individual bought drugs from his supplier and then distributed the drugs themselves.

¶ 6    On March 15, 2012, the prosecutor reminded the court that two mandatory charges should be ordered by the court, specifically a $1,000 drug assessment and a $100 lab analysis fee. When sentencing defendant, the court stated defendant would "be required to pay the appropriate assessments and fines including: $1,000 drug assessment; appropriate mandatory fees, costs, and other assessments." On the same date, the court signed a written order requiring payment of "all statutory fines, fees, costs & assessments" subject to the applicable monetary credit for time served.

¶ 7    The record contains a certified "Case Payments" document dated June 1, 2012, revealing defendant was expected to pay 21 separate charges, totaling $1,654. These charges included a $200 deoxyribonucleic acid (DNA) analysis fee, an $18 prescription pill and drug disposal assessment, and a $1 Criminal Justice Information Projects Fund fine, but did not include a street value fine. In addition, the clerk's sheet did *not* include the $1,000 drug assessment or the $100 lab analysis fee mandated by statute and requested by the State.

¶ 8    Defendant appeals on the basis that his conviction should be set aside. Alternatively, although unchallenged in the trial court, defendant requests this court to correct various monetary charges certified by the deputy clerk.

¶ 9                                           ANALYSIS

¶ 10    Defendant first contends the State failed to prove him guilty beyond a reasonable doubt of the offense of possession of a controlled substance with intent to deliver. The State contends the evidence was sufficient. When presented with a challenge to the sufficiency of the evidence, it is not the function of this court to retry defendant; rather, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237 (1985). A conviction will only be overturned where the evidence is so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of defendant's guilt. *People v. Smith*, 185 Ill. 2d 532 (1999).

¶ 11    Here, the evidence established that the drugs found on defendant's person were bundled in five separate packages. Defendant told Barisch he often buys and "re-ups" with heroin. Barisch explained to the jury that the term "re-up" involves purchasing and then distributing the drugs to others. Further, Barisch testified that defendant stated he sold packages of heroin for $10 each. Based on this record, we conclude the evidence was sufficient to allow a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.

¶ 12    Next, we consider three unwarranted charges incorporated into the clerk's certified payment sheet which the parties agree should be corrected by this court. First, the clerk's tally includes a $200 DNA analysis fee. Our careful review of the record shows the trial court *did not* verbally order defendant to pay the DNA analysis fee when announcing the sentence, presumably because the presentence investigation report establishes that defendant previously provided DNA to the registry's database. See *People v. Marshall*, 242 Ill. 2d 285 (2011). Inexplicably, the clerk's certified case payments sheet includes a charge for the $200 DNA analysis fee.

¶ 13    In addition, the clerk's summary includes an $18 fee for the Prescription Pill and Drug Disposal Fund (730 ILCS 5/5-9-1.1(f)(i) (West 2012)) and a $1 fee for the Criminal Justice Information Projects Fund (730 ILCS 5/5-9-1.1(f)(ii) (West 2012)). However, as the State points out, the statutes mandating these amounts did not become effective until after the date of this offense. Consequently, both parties agree the clerk's calculations should be reduced by an additional $19, for a total reduction, including the $200 DNA fee, of $219.

¶ 14    Next, the State and defense agree defendant's financial obligations should be *increased* to include some amount for a mandated street value fine because the trial court neglected to assess this mandated fine. Both parties suggest the street value fine should be now assessed and imposed by *this court* in the amount of $50, based on the evidence introduced during the trial.

¶ 15    Finally, the State observes the clerk's certified case payment sheet does not account for, or include, the $1,000 drug assessment (730 ILCS 5/5-9-1.1(b) (West 2010)) articulated by the court as part of defendant's sentence when announcing defendant's punishment. Defendant does not contest this issue and it appears the charges certified by the clerk should be increased by $1,000 for the drug assessment fee mandated by statute.

¶ 16    Financial miscalculations such as these are frequently discovered for the first time on appeal. Often, the defense requests this court to consider forfeited concerns by alleging improper charges result in a "void" sentence. Consistent with this approach, defendant relies on *People v. Thompson*, 209 Ill. 2d 19 (2004), and similarly asserts his sentence is void, but only in part.

¶ 17    We recognize trial judges have a complex and tedious task of identifying and ordering the statutory penalties depending on the nature of the offense due to ever-changing statutory requirements created by active lawmakers. *People v. Holley*, 377 Ill. App. 3d 809, 818 (2007) (Wright, J., specially concurring). Often trial courts delegate the task of calculating the mandatory statutory charges to the circuit clerk in the interest of judicial economy.

¶ 18    Since the trial court's written order, in this case, does not recite a sum certain, we are unable to discern if the court intended to order this defendant to pay the costs as calculated by the clerk or in some other amount not reflected in any written order contained in this record. Further, it is unclear from this record whether defendant received a copy of the clerk's calculations at the time of sentencing or shortly thereafter. Moreover, the clerk's summary contains errors and omissions which, once corrected, could increase the monetary penalties required by statute by several hundred dollars.

¶ 19    For these reasons, we respectfully decline the joint invitation to correct the *clerk's* calculations on review, in part, due to the multiplicity of errors reflected in the "Case Payments" sheet. Therefore, we remand the matter to the trial court with directions for the trial court to review and recalculate and order defendant to pay only the mandated financial charges required by statute, including but not limited to the street value fine and drug assessment fee, and other mandated charges while excluding any unauthorized financial charges incorporated into the clerk's case payments sheet. Thereafter, the court shall apply the court-ordered $5 credit for each day served in pretrial custody from the designated fines and fees subject to this credit pursuant to statute or applicable case law. 725 ILCS 5/110-14 (West 2010).

¶ 20                                    CONCLUSION

¶ 21        The judgment of the circuit court of Peoria County is affirmed in part, and the cause is remanded with directions.

¶ 22        Affirmed in part and remanded with directions.