2014 IL App (3d) 121020

Opinion filed July 29, 2014

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2014

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-12-1020 Circuit No. 11-CF-328 |
| ROBERT DILLARD, | ) ) ) | Honorable Timothy M. Lucas, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE WRIGHT delivered the judgment of the court, with opinion.
Justice O'Brien concurred in the judgment and opinion.
Justice Schmidt dissented, with opinion.

**OPINION**

¶ 1        After a stipulated bench trial, the trial court found defendant, Robert Dillard, guilty of

armed robbery with a firearm (720 ILCS 5/18-2(a)(2) (West 2010)) and sentenced him to 21

years' incarceration. The sentencing order mandated that "a judgment be entered against the

defendant for costs." On appeal, defendant challenges various fines and fees that were

eventually tallied into the clerk's costs sheet. We affirm the judgment, vacate all monetary

assessments imposed by the circuit clerk, and remand with directions.

¶ 2                                                    FACTS

¶ 3         Defendant was arrested on June 1, 2011, and charged with armed robbery while armed

with a firearm.  The court found defendant guilty following a stipulated bench trial and imposed

a sentence of 21 years' incarceration, also pursuant to an agreement reached by the parties.

¶ 4         When imposing the agreed 21-year term of incarceration by agreement on November 16,

2012, the court stated:

> "[Defendant] will receive day-for-day credit pursuant to statute and credit for all
>
> time previously served hereon on this case.  Judgment would be entered for costs.
>
> He'll be obligated to provide a D.N.A. standard, pay the appropriate statutory fee
>
> therefor, if not already registered with the Department, and he's going to be
>
> remitted to the Department of Corrections—I'm sorry, to the Sheriff for his
>
> transmittal to the Department of Corrections as to this sentence."

The court's written sentencing order dated November 16, 2012, awarded defendant credit for

time served in presentence custody from June 1, 2011, to November 16, 2012.  In addition, it

ordered defendant to provide a deoxyribonucleic acid (DNA) sample and pay a DNA testing fee

of $250, but only if defendant was not already registered.  730 ILCS 5/5-4-3 (West 2012).  The

order also contained the following language stating, "a judgment be entered against the

defendant for costs."

¶ 5         On November 26, 2012, defendant filed a motion requesting the court to reconsider the

agreed term of incarceration, arguing that the mandatory 15-year add-on term due to the firearm

was both excessive and unconstitutional.  However, defendant's motion to reconsider his

sentence did not address fees and costs.  The court denied the motion to reconsider the sentence

on November 28, 2012.

¶ 6    Included in the record on appeal is a document from the Peoria County circuit clerk's office titled "CASE PAYMENTS." The case payments sheet does not bear any indication the court reviewed the information or approved the clerk's calculation prior to the November 16, 2012, sentencing hearing. The case payments sheet bears the date of January 30, 2013. It lists the fines and fees imposed against defendant, designated by various untranslated acronyms, along with the monetary amounts assessed. Included in the appendix of defendant's brief is a code key that lists the acronyms, along with the fines and fees to which they correspond.

¶ 7    Defendant appeals.

¶ 8                                ANALYSIS

¶ 9    In this case, the parties agreed to the stipulated evidence presented to the trial court and the term of incarceration the court should impose as part of defendant's sentence. However, the parties did not present any agreement concerning the mandatory combined amounts of statutory fines and costs. The court's written order simply directed the entry of a judgment "against the defendant for costs." The record contains an itemized list of monetary charges reflected in the circuit clerk's case payments sheet as printed on January 30, 2013.

¶ 10    On appeal, the defendant contests various assessed amounts documented in the clerk's "CASE PAYMENTS" sheet. Initially, the parties agree the DNA assessment was assessed by the circuit clerk in error. Next, defendant requests this court to reduce the assessment for the Violent Crime Victims Assistance Fund (VCV) (725 ILCS 240/10(c) (West 2012)) from $100 down to $8. Defendant also requests this court to vacate or reduce various charges, including:

(1) the $30 fine for State Police Services Fund  (730 ILCS 5/5-9-1.17 (West 2012));[1] (2) the

$14.75 in drug court fines (55 ILCS 5/5-1101(f) (West 2012)), (3) the $15 State Police

Operations Assistance Fund fine (705 ILCS 105/27.3a (1.5), (5) (West 2012)); and (4) the $50

court fund fine (55 ILCS 5/5-1101(c) (West 2012)).

¶ 11    During the sentencing hearing, the trial court did not order defendant to pay any or all of

the fines which defendant now challenges, including the VCV fine.  In *People v. Evangelista*,

393 Ill. App. 3d 395, 401 (2009), the court recognized the VCV assessment constitutes a fine

and, although mandatory, may not be imposed by the circuit clerk absent a specific order from

the court.  In the case at bar, it appears the clerk, rather than the judge, imposed the VCV fine

and others.  Yet, defendant did not bring this matter to the attention of the trial court.

¶ 12    Typically, issues not raised in the trial court are forfeited by defendant for purposes of

appeal.  *People v. Enoch,* 122 Ill. 2d 176, 186 (1988).  The rationale for forfeiture is founded on

the fact that the trial court has not had an opportunity to correct its own errors.  Here, defendant

filed his posttrial motion on November 26, 2012, but the record does not show defendant

received a copy of the clerk's calculations, dated January 30, 2013, prior to the deadline for

filing his posttrial motion.

¶ 13    To avoid unjust results in the past, this court has often declined to apply forfeiture and

simply corrected similar financial, but clerical, miscalculations.  In so doing, we recognized that

an arguably void sentence may be attacked at any time and may be properly corrected by a

reviewing court.  See, *e.g.*, *People v. Thompson*, 209 Ill. 2d 19, 27 (2004); *cf. People v. Williams*,

2014 IL App (3d) 120240, ¶ 16 (defendant, for first time on appeal, challenged improper fines

[1] The circuit court did not identify the statutory source for any amounts included in the "CASE PAYMENTS" sheet. The circuit clerk's code key references the "SPSF," "SAOJ," and "CADF" assessments as amounts directed to the State Police Services Fund.  As noted by the State, defendant incorrectly speculates the statutory authority for the State Police Services Fund is found in sections 5-9-1.1-5 and 5-9-1.1(d) of the Unified Code of Corrections.  730 ILCS 5/5-9-1.1-5 (2010); 730 ILCS 5/5-9-1.1(d) (2009).

4

and fees by claiming the sentencing order was void). Frankly, this approach has not reduced the number of errors in both fines and costs that continue to originate with a well-intentioned circuit clerk in the trial court.

¶ 14    We understand a sentencing judge may delegate the task of calculating the statutorily mandated minimum fines and costs to the clerk. *Williams*, 2014 IL App (3d) 120240, ¶ 17 (citing *People v. Holley*, 377 Ill. App. 3d 809, 818 (2007) (Wright, J., specially concurring)). However, delegating the task of calculating costs to a circuit clerk does not relieve the trial court of its obligation to oversee the clerk's good-faith efforts by correcting any improper monetary charges in the clerk's tally sheet. Here, we cannot discern whether the trial court intended to impose any mandated fines in the case at bar. In addition, the clerk's tally sheet is not a substitute for a written court order regarding fines.

¶ 15    Based on the State's concession of error, we vacate the improperly assessed DNA fee. Next, we vacate all other fines inaccurately labeled in the circuit clerk's tally sheet as "costs." We remand the matter to the trial court with directions to conduct its own independent review of the clerk's payments sheet and recalculate all of the financial charges, including mandatory fines, which defendant must pay according to statute. Thereafter, the trial court is directed to enter a written order clearly stating the nature of the financial charges defendant is ordered to pay and identifying the total amount due after properly applying all necessary credits required by existing case law and applicable statutes. The trial court should provide defendant a copy of this order without delay.

¶ 16                                   CONCLUSION

¶ 17    The judgment of the circuit court of Peoria County is affirmed in part, vacated in part, and remanded with directions.

5

¶ 18          Affirmed in part and vacated in part; cause remanded with directions.

¶ 19          JUSTICE SCHMIDT, dissenting.

¶ 20          Defendant forfeited the issue by failing to raise it in the trial court.  I would affirm the trial court and, therefore, respectfully dissent.