# Illinois Official Reports

## Appellate Court

---

### *People v. Dillard*, 2014 IL App (3d) 121020

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT DILLARD, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-12-1020 |
| Filed | July 29, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from defendant's conviction for armed robbery with a firearm, his conviction was affirmed, but the monetary assessments imposed by the circuit clerk were vacated and the cause was remanded, since the sentencing order mandated that "a judgment be entered against defendant for costs," and based on the State's concession of error in connection with the improper fines and fees, and even though defendant failed to raise the issue before the trial court, the appellate court vacated the improperly assessed DNA fee and the other fines inaccurately labeled in the circuit clerk's tally sheet as "costs," and the trial court was directed to review the records and enter an order clearly stating the nature of the charges defendant is to pay and identifying the total amount due applying the appropriate credits and then provide defendant with a copy of the order. |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 11-CF-328; the Hon. Timothy M. Lucas, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part; cause remanded with directions. |

Counsel on Appeal

Mark G. Levine, of State Appellate Defender's Office, of Elgin, for appellant.

Jerry Brady, State's Attorney, of Peoria (Justin A. Nicolosi, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE WRIGHT delivered the judgment of the court, with opinion.
Justice O'Brien concurred in the judgment and opinion.
Justice Schmidt dissented, with opinion.

**OPINION**

¶ 1    After a stipulated bench trial, the trial court found defendant, Robert Dillard, guilty of armed robbery with a firearm (720 ILCS 5/18-2(a)(2) (West 2010)) and sentenced him to 21 years' incarceration. The sentencing order mandated that "a judgment be entered against the defendant for costs." On appeal, defendant challenges various fines and fees that were eventually tallied into the clerk's costs sheet. We affirm the judgment, vacate all monetary assessments imposed by the circuit clerk, and remand with directions.

¶ 2                                          FACTS

¶ 3    Defendant was arrested on June 1, 2011, and charged with armed robbery while armed with a firearm. The court found defendant guilty following a stipulated bench trial and imposed a sentence of 21 years' incarceration, also pursuant to an agreement reached by the parties.

¶ 4    When imposing the agreed 21-year term of incarceration by agreement on November 16, 2012, the court stated:

> "[Defendant] will receive day-for-day credit pursuant to statute and credit for all time previously served hereon on this case. Judgment would be entered for costs. He'll be obligated to provide a D.N.A. standard, pay the appropriate statutory fee therefor, if not already registered with the Department, and he's going to be remitted to the Department of Corrections–I'm sorry, to the Sheriff for his transmittal to the Department of Corrections as to this sentence."

The court's written sentencing order dated November 16, 2012, awarded defendant credit for time served in presentence custody from June 1, 2011, to November 16, 2012. In addition, it ordered defendant to provide a deoxyribonucleic acid (DNA) sample and pay a DNA testing fee of $250, but only if defendant was not already registered. 730 ILCS 5/5-4-3 (West 2012). The order also contained the following language stating, "a judgment be entered against the defendant for costs."

¶ 5    On November 26, 2012, defendant filed a motion requesting the court to reconsider the agreed term of incarceration, arguing that the mandatory 15-year add-on term due to the firearm was both excessive and unconstitutional. However, defendant's motion to reconsider his sentence did not address fees and costs. The court denied the motion to reconsider the sentence on November 28, 2012.

¶ 6    Included in the record on appeal is a document from the Peoria County circuit clerk's office titled "CASE PAYMENTS." The case payments sheet does not bear any indication the court

reviewed the information or approved the clerk's calculation prior to the November 16, 2012, sentencing hearing. The case payments sheet bears the date of January 30, 2013. It lists the fines and fees imposed against defendant, designated by various untranslated acronyms, along with the monetary amounts assessed. Included in the appendix of defendant's brief is a code key that lists the acronyms, along with the fines and fees to which they correspond.

¶ 7    Defendant appeals.

¶ 8                                                ANALYSIS

¶ 9    In this case, the parties agreed to the stipulated evidence presented to the trial court and the term of incarceration the court should impose as part of defendant's sentence. However, the parties did not present any agreement concerning the mandatory combined amounts of statutory fines and costs. The court's written order simply directed the entry of a judgment "against the defendant for costs." The record contains an itemized list of monetary charges reflected in the circuit clerk's case payments sheet as printed on January 30, 2013.

¶ 10    On appeal, the defendant contests various assessed amounts documented in the clerk's "CASE PAYMENTS" sheet. Initially, the parties agree the DNA assessment was assessed by the circuit clerk in error. Next, defendant requests this court to reduce the assessment for the Violent Crime Victims Assistance Fund (VCV) (725 ILCS 240/10(c) (West 2012)) from $100 down to $8. Defendant also requests this court to vacate or reduce various charges, including: (1) the $30 fine for State Police Services Fund (730 ILCS 5/5-9-1.17 (West 2012));[1] (2) the $14.75 in drug court fines (55 ILCS 5/5-1101(f) (West 2012)); (3) the $15 State Police Operations Assistance Fund fine (705 ILCS 105/27.3a(1.5), (5) (West 2012)); and (4) the $50 court fund fine (55 ILCS 5/5-1101(c) (West 2012)).

¶ 11    During the sentencing hearing, the trial court did not order defendant to pay any or all of the fines which defendant now challenges, including the VCV fine. In *People v. Evangelista*, 393 Ill. App. 3d 395, 401 (2009), the court recognized the VCV assessment constitutes a fine and, although mandatory, may not be imposed by the circuit clerk absent a specific order from the court. In the case at bar, it appears the clerk, rather than the judge, imposed the VCV fine and others. Yet, defendant did not bring this matter to the attention of the trial court.

¶ 12    Typically, issues not raised in the trial court are forfeited by defendant for purposes of appeal. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). The rationale for forfeiture is founded on the fact that the trial court has not had an opportunity to correct its own errors. Here, defendant filed his posttrial motion on November 26, 2012, but the record does not show defendant received a copy of the clerk's calculations, dated January 30, 2013, prior to the deadline for filing his posttrial motion.

¶ 13    To avoid unjust results in the past, this court has often declined to apply forfeiture and simply corrected similar financial, but clerical, miscalculations. In so doing, we recognized that an arguably void sentence may be attacked at any time and may be properly corrected by a

---

[1]The circuit court did not identify the statutory source for any amounts included in the "CASE PAYMENTS" sheet. The circuit clerk's code key references the "SPSF," "SAOJ," and "CADF" assessments as amounts directed to the State Police Services Fund. As noted by the State, defendant incorrectly speculates the statutory authority for the State Police Services Fund is found in sections 5-9-1.1-5 and 5-9-1.1(d) of the Unified Code of Corrections. 730 ILCS 5/5-9-1.1-5 (West 2010); 730 ILCS 5/5-9-1.1(d) (West Supp. 2009).

reviewing court. See, *e.g.*, *People v. Thompson*, 209 Ill. 2d 19, 27 (2004); *cf. People v. Williams*, 2014 IL App (3d) 120240, ¶ 16 (defendant, for first time on appeal, challenged improper fines and fees by claiming the sentencing order was void). Frankly, this approach has not reduced the number of errors in both fines and costs that continue to originate with a well-intentioned circuit clerk in the trial court.

¶ 14        We understand a sentencing judge may delegate the task of calculating the statutorily mandated minimum fines and costs to the clerk. *Williams*, 2014 IL App (3d) 120240, ¶ 17 (citing *People v. Holley*, 377 Ill. App. 3d 809, 818 (2007) (Wright, J., specially concurring)). However, delegating the task of calculating costs to a circuit clerk does not relieve the trial court of its obligation to oversee the clerk's good-faith efforts by correcting any improper monetary charges in the clerk's tally sheet. Here, we cannot discern whether the trial court intended to impose any mandated fines in the case at bar. In addition, the clerk's tally sheet is not a substitute for a written court order regarding fines.

¶ 15        Based on the State's concession of error, we vacate the improperly assessed DNA fee. Next, we vacate all other fines inaccurately labeled in the circuit clerk's tally sheet as "costs." We remand the matter to the trial court with directions to conduct its own independent review of the clerk's payments sheet and recalculate all of the financial charges, including mandatory fines, which defendant must pay according to statute. Thereafter, the trial court is directed to enter a written order clearly stating the nature of the financial charges defendant is ordered to pay and identifying the total amount due after properly applying all necessary credits required by existing case law and applicable statutes. The trial court should provide defendant a copy of this order without delay.

¶ 16                                            CONCLUSION

¶ 17        The judgment of the circuit court of Peoria County is affirmed in part, vacated in part, and remanded with directions.

¶ 18        Affirmed in part and vacated in part; cause remanded with directions.

¶ 19        JUSTICE SCHMIDT, dissenting.

¶ 20        Defendant forfeited the issue by failing to raise it in the trial court. I would affirm the trial court and, therefore, respectfully dissent.