2015 IL App (3d) 130601

Opinion filed August 6, 2015

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2015

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-13-0601 Circuit No. 12-CM-1154 |
| CALVIN C. JONES, | ) ) ) | Honorable Thomas A. Keith, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE McDADE delivered the judgment of the court, with opinion.
Justice Carter concurred in the judgment and opinion.
Justice Wright specially concurred in part and dissented in part, with opinion.

**OPINION**

¶ 1     Defendant, Calvin C. Jones, pled guilty to theft (720 ILCS 5/16-1(a)(1) (West 2012)) in exchange for a sentence of 12 months of court supervision. The trial court ordered defendant to pay restitution and court costs. Upon the revocation of defendant's supervision, the court did not reimpose the order for restitution or fines. Defendant does not challenge his conviction or sentence on appeal. Instead, defendant asserts that the clerk's records should be corrected to show that no financial obligations are now due. We vacate defendant's case payments sheet and

remand the matter with instructions that the trial court order defendant to pay fees in the sum of $167, as set forth below.

¶ 2                                                                FACTS

¶ 3          On July 18, 2012, defendant pled guilty to theft (*id.*) in exchange for a sentence of 12 months of court supervision. Pursuant to that sentence, the court ordered defendant to perform 60 hours of public service. The court also ordered defendant to pay court costs, a $10-per-month court supervision fee, a $75 public defender fee, and $429 in restitution. When the trial court asked defendant if he could pay those amounts within 12 months, defendant replied that he would try to pay them in 6 months. The written order for court supervision mandated that defendant perform his public service hours by May 18, 2013. The space on the written order providing a due date for the payment of costs, however, was left blank:

> "4.       Pay a fine of ____ and court costs of 307.00 in room G16 of the
>
> Courthouse by 11:00 a.m. on _____."

Written by hand on a blank line beneath the order for public service hours is "$429 restitution paid to compliance," although no deadline is provided for that payment.

¶ 4          On May 23, 2013, the State filed a petition to revoke supervision, alleging that defendant had failed to pay costs, fees, and restitution, and that defendant had not completed his public service hours. At a subsequent hearing on the petition, defendant admitted the violations alleged in the petition. After accepting defendant's plea, the court stated: "[Y]our court supervision is revoked, retail theft conviction will enter. You're sentenced to six days, time served. You will be released on this case today." The written order accompanying the sentence contained no reference to restitution, or any specific fines or fees.

2

¶ 5        On October 29, 2013, a case payments sheet was filed indicating that defendant owes a sum of $1,008.80. This total includes $349 in restitution—defendant having paid $80 toward restitution—and a collection fee of $232.80.[1]

¶ 6                                                ANALYSIS

¶ 7        On appeal, defendant argues that the trial court did not assess any fines, fees, or restitution in imposing a new sentence upon revocation of supervision. Therefore, defendant contends, the clerk's records should be corrected to show that no financial obligations are due. Defendant also maintains that the imposition of a collection fee is improper where the trial court did not set a deadline for the payment of restitution. We accept the State's concession that defendant owes no restitution or fines. Thus, the sole question before us is the propriety of the fee assessments.

¶ 8        The State maintains that defendant remains responsible for paying the fees imposed by the circuit clerk. Specifically, the State has identified eight fees that it contends defendant owes: $75 clerk's fee; $15 automation fee; $15 document storage fee; $10 and $2 State's Attorney fee; $25 court security fee; $25 court fund-county fee; and $232.80 collection fee. In response, defendant argues that the clerk may not impose fees unless the court has ordered such fees imposed. Defendant does not argue that any of those assessments identified by the State are not fees, but does take exception to the imposition of the collection fee.

---

[1] Although the case payments sheet only refers to this fee as "COLL," the parties agree that this represents the collection fee. The sum of $232.80 is apparently 30% of $776, the total obligation remaining after defendant's payment of $80. See 730 ILCS 5/5-9-3(e) (West 2012) (providing for 30% collection fee).

¶ 9        Contrary to defendant's position, it is well-settled that a circuit clerk has the authority to impose fees upon a defendant. See, *e.g.*, *People v. Warren*, 2014 IL App (4th) 120721, ¶¶ 93-109. Each of the assessments identified here by the State is, in fact, a fee that may be properly imposed by the clerk. *Id.* ¶¶ 93-109. Indeed, defendant does not dispute that these assessments are fees. The total sum of those fees not expressly disputed by defendant is $167.

¶ 10       Section 5-9-3(e) of the Unified Code of Corrections (Code) considers the procedures to be employed upon a default in the payment of a fine, fee, or restitution. 730 ILCS 5/5-9-3(e) (West 2012). That section provides: "An additional fee of 30% of the delinquent amount is to be charged to the offender for any amount of the fine, fee, cost, [or] restitution *** that remains unpaid *after the time fixed for payment of the fine, fee, cost, [or] restitution *** by the court*." (Emphasis added.) *Id.*

¶ 11       In the case at hand, the trial court did not set a deadline for the payment of any monetary obligations. The space designated for a deadline for the payment of court costs was left blank. The actual handwritten order for restitution does not contain a deadline. Although the State contends that the 12-month period of court supervision also served as a *de facto* deadline for defendant's payment of restitution, this position is belied by the fact that the State filed its petition to revoke supervision on May 18, 2013, two months before supervision was scheduled to terminate. Because the court did not set a fixed time for payment of restitution, the circuit clerk's imposition of a collection fee pursuant to section 5-9-3(e) of the Code is void. See *People v. Leach*, 2011 IL App (1st) 090339, ¶ 37 (fees that exceed statutory authorization are void).

¶ 12       In summary, the following are the only assessments which are not void: $75 clerk's fee; $15 automation fee; $15 document storage fee; $10 and $2 State's Attorney fee; $25 court security fee; and $25 court fund-county fee. Accordingly, we vacate the assessments reflected

4

on defendant's case payments sheet and remand the matter with instructions that the trial court order defendant to pay the above-listed fees, totaling $167.

¶ 13                                                   CONCLUSION

¶ 14        Defendant's case payments sheet is vacated and the matter is remanded with instructions.

¶ 15        Vacated in part; remanded with instructions.

¶ 16        JUSTICE WRIGHT, specially concurred in part and dissented in part.

¶ 17        I agree with the majority that the collection fee was improperly imposed by the circuit clerk for reasons that differ from the majority's conclusion. However, I partially dissent because I would remand *without* directions limiting the court's review on remand to certain fees. Instead, I would direct the trial court to review and then impose all mandated fees required by statute for the court or circuit clerk to impose following a conviction for misdemeanor retail theft.

¶ 18        I agree with the majority that the circuit clerk could not properly assess the 30% collection fee. I submit this fee can only be assessed on a case-by-case basis after the State's Attorney initiates a supplementary collection process involving retained counsel or a retained collection agency to collect past due amounts in any individual case. 730 ILCS 5/5-9-3(e) (West 2012). Here, there is nothing in the record to suggest the collection process was underway in this particular case and on this basis I observe the significant fee added by the circuit clerk before any collection process began was unwarranted. Clearly, the State's Attorney's Office did not initiate the petition alleging a violation of court supervision to facilitate the collection of any unpaid financial conditions of court supervision. Instead, defendant's failure to pay was merely a reason the prosecutor sought to revoke supervision, enter a conviction, and impose a jail sentence as punishment.

¶ 19    Finally, as the majority recognizes, the costs in this case have never been technically past due since the trial court did not assign any particular date for payment. In my view, the absence of a payment date would prevent the initiation of supplementary collection proceedings and also defeats the clerk's assessment of the collection fee on this basis.

¶ 20    For the reasons set forth above, I would remand this case to the trial court with directions to reconsider and correctly impose all statutorily mandated financial consequences with all parties present. See, *e.g., People v. Dillard*, 2014 IL App (3d) 121020, ¶ 15. However, since the trial court did not reorder defendant to pay restitution as part of the original 6-day sentence, I agree restitution cannot be imposed by the court on remand.